SMALL *versus* CLIFFORD.

Possession merely of the common property by one of the tenants, is not evidence of an *ouster* of his co-tenants.

But a notorious claim by one tenant of *exclusive* right in connection with *exclusive* possession of the common property, is an actual ouster of the other tenants.

ON EXCEPTIONS from *Nisi Prius,* SHEPLEY, C. J., presiding.

ENTRY to recover possession of three-twentieths of five-eighths of a farm.

This action is against the same tenant as in *Brown v. Clifford, ante,* p. 210, and the title of demandant is by a levy upon an *undivided* portion of the same farm. Similar testimony was before the Court and jury, and the same instructions given. An additional question arose out of the pleadings.

The tenant pleaded the general issue, and by a brief statement alleged that he was tenant in common with demandant at the time of suing out the writ, and before and since, and that he did not disseize the demandant or in any way deforce or hold him out or obstruct his lawful entry therein.

It appeared that the tenant was in possession of the farm and had taken the crops and sold timber, and that he was asked in the road to give up possession of plaintiff's part levied on. He said he had made a deed to Capt. Cutting; that it was out of his hands, and the creditors might get their pay as they could.

The tenant requested the Judge to instruct the jury that there was not sufficient evidence to prove a disseizin.

That words uttered off the premises, unaccompanied by any acts preventing the entry of demandant, cannot constitute a disseizin.

These requests were refused, and the jury were instructed, that to entitle the demandant to maintain the action, if satisfied that the parties were tenants in common, they must

be satisfied that the tenant resisted or refused to permit the demandant to occupy his share or denied his title to it.

Verdict for demandant. The tenant excepted.

*Gilbert*, for tenant.

*Porter*, with whom was *Smith*, for demandant, cited *Hall* v. *Dewey*, 10 Verm. 593; 5 U. S. Dig. p. 753, § 48; 6 U. S. Dig. p. 182, § 20; 1 Shepl. 337.

The refusal to instruct as requested was right. A denial of demandant's title and a refusal to permit him to enter and occupy may as well be made off as on the premises.

TENNEY, J. — In addition to the points involved in the case of *Brown* v. *Clifford, ante,* p. 210, the question was raised under the pleadings whether the tenant had ousted the demandant of the undivided portion of the farm set off to him. Evidence was introduced tending to prove, that the tenant claimed title to the whole of the farm, while in possession thereof, at the time when he was not in person upon the land. The Court was requested to instruct the jury, that words uttered *off* the premises, and unaccompanied by any acts preventing the entry of the demandant, could not constitute a disseizin.

No question was made that the tenant was in possession of the farm. From this fact alone an ouster is not to be presumed; but it may be proved by a notorious claim of exclusive right accompanying exclusive possession. If a tenant in common enter into the actual and exclusive possession of lands, taking the rents and profits to his own use, and openly asserting his own exclusive property in the lands, denying the title of any other person, it is an adverse possession by him, and an ouster of the other tenants. Stearns on Real Actions, 41.

*Judgment on the verdict.*

RICE, APPLETON and CUTTING, J. J., concurred.