THE MAYOR, ETC., OF THE CITY OF JEFFERSON, TO THE USE OF PACIFIC RAILROAD, Respondents, *v.* JOHN OPEL, COLLECTOR, *et al.*, Appellants.

1. *Pleading — Demurrer — Wrongful levy — Petition, allegation in — Jurisdiction.*— A petition by a railroad company against a city collector for wrongfully levying on plaintiffs' property to satisfy a tax, when the pleading only attacks the form and manner of making the assessment, but sets out no facts showing that the assessment was void, is bad on demurrer. If the city had jurisdiction over the subject-matter, that would amount to a protection of the officer in executing his process.

*Appeal from Cole Circuit Court.*

*E. L. Edwards & Sons*, and *Henry Flanagan*, for appellants.

I. The petition is bad on demurrer. It shows no facts making the assessment illegal and void.

II. If the property was subject to taxation, the collector was bound to levy and would be protected. (11 Mo. 64; 29 Mo. 285.) If the assessment was irregular, plaintiff had his remedy by appeal. Failing to do this, he is bound.

The Mayor, etc., of City of Jefferson, to use of Pacific R.R., v. Opel et al.

*J. N. Litton*, for respondents.

I. The tax was illegal. The rolling stock was exempt, not being permanently located within the taxable jurisdiction of Jefferson City. (35 Cal. 282; 14 B. Monr. 648; State v. Ross, 3 Zabr., N. J., 517; 19 Ill. 160; City of New Albany v. Meekin, 3 Ind. 481.) Hence the whole assessment is null and void. (10 Allen, Mass., 590; 36 Wis. 593; Hubbard v. Brainard, 35 Conn. 563; Gillette v. Hartford, 31 Conn. 360; Blackw. Tax Tit. 160, and authorities; 13 Mass. 272; 2 Greenl. 375; 15 Mass. 144, 147; 1 Greenl. 339; 10 Verm. 506; 1 Mass. 101; 2 Curt. Ch. 4; 5 Mass. 547.) Counsel here argued that a railroad was not a local institution in any particular town or village, like a bank, and not intended to be subject to taxation in a similar manner.

II. Hence the assessor exceeded his jurisdiction, and his assessment was not merely voidable but void. Respondent is not estopped from maintaining this action by failure to appeal from assessor's judgment or assessment. (30 Mo. 280; Blackw. Tax Tit. 406; 7 Me. 258; 12 Pick. 7.)

WAGNER, Judge, delivered the opinion of the court.

The Pacific Railroad Company prosecutes this suit against Opel, the defendant, and his sureties on his official bond. The allegation is that Opel, as collector for the city of Jefferson, wrongfully seized the plaintiff's property, and by that means coerced the payment of certain taxes levied by the city authorities against the plaintiff. The defendant filed a demurrer to the petition, which was overruled by the court; and refusing to answer, and electing to abide by the demurrer, judgment was rendered thereon.

We think the court erred in its ruling, as the assignment of breaches in the petition is not sufficient to show a liability on the part of the defendants.

The objections urged in the petition go to the manner and form of making the assessment, and not to a total want of power or jurisdiction in the authorities to act. No facts are set out showing that the assessment was void, and if the city authorities

had jurisdiction over the subject-matter, that would amount to a protection of the officers in executing their process.

A mere ministerial officer will not be responsible for irregularities committed by those who issued the mandate to him, if they possessed jurisdiction to act. (State, to use of Pacific R.R. Co., v. Dulle *et al.*, 48 Mo. 282, and cases cited.)

The judgment should therefore be reversed and the cause remanded. The other judges concur.