DIXON (WOOD v.). See Case No. 17,943.

## Case No. 3,937.

### DIXWELL et al. v. JONES.[1]

[2 Dill. 184.][2]

Circuit Court, E. D. Missouri. 1873.

ACTION TO RECOVER PERSONAL PROPERTY—WHEN MAINTAINABLE—PROPERTY DISTRAINED BY TAX COLLECTOR—RIGHTS OF MORTGAGEE — FEDERAL COURTS.

[1. In a proceeding to recover possession of personal property, in the mode prescribed by the Missouri statute, the rule is the same as in the old action of replevin; namely, the plaintiff must show a general or special property in the goods and the right of an immediate and exclusive possession. Gray v. Parker, 38 Mo. 160, followed.]

[2. A mortgagee of personal property, who has no right of immediate and exclusive possession, cannot maintain replevin against a tax collector who has seized the property as by distraint for taxes due from the mortgagor; and it is immaterial that the assessment was irregular or void ab initio.]

[3. As a general rule, replevin is not the proper mode of testing the regularity of tax assessments: and when property has been seized, whether under a warrant of distress or by other warrant issued to enforce collection of taxes, it is in custodia legis, and irrepleviable.]

[4. A federal court will not go beyond the questions necessary to the decision of the case before it, for the purpose of construing state constitutions with reference to state legislation and the acts of state authorities, more especially when the question affects the revenues of the state and its mode of raising and collecting the same. See Union Pac. R. Co. v. Lincoln Co., Case No. 14,379.]

The plaintiffs were the mortgagees of property for the benefit of bondholders. The mortgage was executed by the South Pacific Railroad Company, and the property mortgaged is now owned by the Atlantic & Pacific Railroad Company. Jones, the defendant, as sheriff of Franklin county, seized the property for taxes due from the South Pacific Railroad Company, the mortgagor. The mortgagees, Dixwell & Bigelow, brought replevin, and the case was submitted to the court upon

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[1] [This case was originally published in 2 Dill. 184, as a note to Atlantic & P. R. Co. v. Cleino, Case No. 631.]

[2] [Reprinted by permission.]

an agreed statement of facts. The court gave judgment against the plaintiffs on the ground that they had no right to the present possession of the property.

D. T. Jewett and James Baker, for plaintiffs.

Thos. W. B. Crews and James S. Laurie, for defendant.

Before DILLON, Circuit Judge, and TREAT, District Judge.

TREAT, District Judge. This is a suit brought by plaintiffs in the form prescribed by the Missouri statutes, to recover possession of personal property, the form of action being a substitute for the old action of replevin. The plaintiffs are mortgagees of property now owned by the Atlantic & Pacific Railroad, the mortgage in express terms giving to the mortgagor the right of possession until default in payment of the principal or interest of the mortgage debt. The doctrine in replevin is a familiar one, that plaintiff must not only have a general or special property in the goods and chattels, but also the right of immediate possession. The substituted mode of proceeding under the Missouri statute does not change the rule, for in Gray v. Parker, 38 Mo. 160, it is held that where plaintiff's title is denied, he must show a general or special property in the goods, and the right of an immediate and exclusive possession. It appears in this case that the plaintiffs have no such right of possession. They aver (as the statute requires) that they are the owners of the property, and make affidavit that it has not been seized under any process, execution, or attachment against the property of the plaintiffs. The property was seized, however, under process duly issued for the collection of county taxes, assessed against the Atlantic & Pacific Railroad, which corporation is the lawful successor of the mortgagor; and, hence, the question presented is, whether a mortgagee who has no present right of possession can maintain replevin against a tax collector who has seized the mortgagor's property as by distraint, to enforce the payment of taxes due. In the first place, the mortgagees in this case are not owners entitled to immediate or exclusive possession; and, secondly, it matters not that the process was not formally issued against their property, but was issued against the property of the mortgagor. There is no need of argument to show that a tax properly assessed against the property of a mortgagor in possession, who is also entitled to the immediate and exclusive possession, is valid and binding on said property, despite any claim a mortgagee may have in the property. In a narrow and restricted sense, or nominally, the process did not issue against the property of the plaintiffs, but really and actually the process was issued against their property, so far as they had any interest in it. Freeman v. Howe, 24 How. [65 U. S.] 451.

It is contended that the assessment was irregular, and therefore this court should pronounce the seizure wrongful or void. The supreme court has in many cases held directly the reverse. State v. Dulle, 48 Mo. 283; Mayor, etc., v. Opel, 49 Mo. 190; Walden v. Dudley, Id. 419. In 48 Mo. 283, that court held that whether the stock of shareholders was to be taxed, or the property of the corporation, was a question to be determined in the first instance by the assessing board, and that when the tax was assessed, whether in the one manner or the other, and the collector proceeded to distrain accordingly, he was not a trespasser, notwithstanding the mode of assessment was not regular. Indeed, it is obvious, as has been repeatedly decided in this class of cases, that when modes of assessment are prescribed, to be enforced by designated tribunals, whose decisions are subject to review in direct proceedings, and the proper tribunal has made an assessment which the collector enforces, no action will lie against the collector. Were this otherwise, there would be no safety for the collector, and no certainty or promptitude in the collection of the public revenues. This is illustrated in the cases just cited from the Missouri Reports, and also in Erskine v. Hohnbach (decided by the United States supreme court, 1871), 14 Wall. [81 U. S.] 613. See also, Deshler v. Dodge, 16 How. [57 U. S.] 6 2; Dill. Mun. Corp. § 176, note. If, however, there is no authority to assess at all (as where the property is not taxable, or is exempt), it may be that the proceedings of the board of assessment being void, the collector would not in such case be protected. Under this rule it is urged that the process under which defendant acted was void, and consequently his seizure invalid. Counsel urged further, that by the act of March 10, 1871, the county board of equalization ceased to have any power to act in the premises. That act could hardly relate to any assessment for taxes in 1871, inasmuch as the returns, etc., prescribed by it are to be made thereafter on the first of February of each year, and to a different board, for the first time created by that statute.

The principal purpose plaintiff's counsel had in view, as stated by him to the court, was to procure a decision on the main question concerning the exemption of the Atlantic & Pacific Railroad Company, as the successor of the South Pacific Company, from state and other taxation, notwithstanding the forfeitures and sales mentioned and the provisions of the state constitution of 1865. It is obvious, from the views already expressed, that no opinion on that point is necessary to the determination of this case, and, consequently, a labored analysis of the various statutes and acts done thereunder, and the effect of the new constitution with reference thereto, would be entirely superfluous. It does not become United States courts to travel beyond the requirements of suits pending in them, for the purpose of construing state constitutions with

reference to state legislation and the acts of state authorities, more especially when the questions affect the revenues of a state and its mode of raising and collecting the same. The harmony of our complex system of government can be better maintained by leaving the decision of all such questions, so far as practicable, with the proper judicial tribunals of the state. Union Pac. R. Co. v. Lincoln Co. [Case No. 14,379]. It may be stated as a general rule, supported by numerous authorities in England and this country, that replevin is not the proper mode of testing the regularity of tax assessments; and that when property has been seized, whether under a warrant of distress or other warrant, issued to enforce the payment of taxes, it is in custodia legis, and is irrepleviable. The reason generally stated is that the collection of the revenues of the country cannot be thus interrupted at the instance of any and every tax-payer, leaving, it may be, the government treasury exhausted pending the consequent litigation. Whether that rule prevails in full force in this state, as the language of the statute seems to imply, need not be decided in this case, because the plaintiffs have no right of immediate possession, and no right of exclusive possession of the property seized—indeed no present right of possession whatever; and, consequently, cannot maintain this action, whether the assessment was irregular, or void ab initio, or otherwise.

The next question is as to the judgment in this case. The plaintiffs have taken out of the possession of defendant property valued at $20,000, and have no right to the possession thereof. It may be that the mortgagor has such right as against this defendant, but the latter is responsible to the real party in interest, viz.: the mortgagor. If the defendant has seized, rightfully, the property in question, for taxes, amounting to some $8,000, and the same should be sold by him for its value, viz. $20,000, the surplus over the amount for which distraint was made, he would be liable to pay over to the mortgagor. The mortgagee, however, is not entitled to the possession of the property, nor to the surplus after the distraint is satisfied. This is not a case between general and special owner, and is, therefore, not within the decisions referred to. But inasmuch as this seems to have been a case in which the mortgagees appeared for the benefit of the mortgagor, the court will, on the suggestion of the attorney for both mortgagor and mortgagee, render judgment for the return of the property replevied on payment of the amount of taxes, with interest, for which the defendant made his seizure. What the remedies of the mortgagor may have been, or may be, is not a subject of inquiry in this case, or between the parties to this record. Judgment for the defendant.

NOTE. In First Division of St. Paul, etc., R. Co. v. Parcher (1869) 14 Minn. 297 [Gil. 224], an immunity from taxation in the original charter of a railroad company was held to

accompany lands transferred by the state (after a foreclosure of a lien in its favor) to a new corporation. See, also, County Com'rs v. Franklin R. Co., 34 Md. 159; Tomlinson v. Branch, 15 Wall. [82 U. S.] 460; Wilmington R. Co. v. Reid [13 Wall (80 U. S.) 264].