## BOHLEN v. ARTHURS & Others.

### IN ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE WESTERN DISTRICT OF PENNSYLVANIA.

Submitted November 12, 1885.—Decided November 23, 1885.

A tenant in common cannot maintain replevin against a cotenant, because they have each and equally a right of possession; and that rule is recognized in Pennsylvania.

Where, under an agreement for the purchase of an undivided interest in land to be conveyed to the purchaser on his paying for it, he acquires no right to cut timber on the land without the consent of the owners of the remaining interest, who are tenants in common with him of the land, if he cuts such timber, and removes it, and it is taken possession of by such owners of the remaining interest, he has no such right of possession in it as will sustain an action of replevin by him against them.

The Pennsylvania act of May 15, 1871, No. 249, sec. 6, which provides as follows : "In all actions of replevin, now pending or hereafter brought, to recover timber, lumber, coal or other property severed from realty, the plaintiff shall be entitled to recover, notwithstanding the fact that the title to the land from which said property was severed may be in dispute : *Provided*, said plaintiff shows title in himself at the time of the severance," has no operation as between tenants in common.

This was an action of replevin, brought in the Circuit Court of the United States for the Western District of Pennsylvania, to recover a quantity of square white pine timber logs, in rafts. At the trial the court directed a verdict for the defendants, and, after a judgment accordingly, the plaintiff brought this writ of error. The defendants who pleaded, setting up property in themselves, were one Arthurs, assignee in bankruptcy of Baum and Carrier, and one McClure. Each party, plaintiff and defendants, claimed title to the timber under Baum and Carrier and one Osborne, who had title, before December 18, 1872, to the lands from which the timber was taken. On that day, Baum, Carrier and Osborne made a written agreement with one Phillips, to the effect that they would convey to him, his heirs and assigns, by warranty deed, in fee simple, the undivided one-half of certain specified lands, in the counties of Clearfield and Jefferson, in the State of Pennsylvania, on his paying the con-

sideration, and performing the covenants, mentioned in the agreement. These were that he should pay them $125 per acre for such undivided one-half, amounting to $206,000, "payment thereof to be made out of the proceeds of said lands, when and as soon as moneys shall be realized from the sale of any part of said lands, or from the sale of timber thereon, or coal or other minerals therein contained, or lumber manufactured upon said premises in mills thereon to be erected, as hereinafter mentioned and provided for." Phillips was to pay no interest, and to have the right to pay at any time the consideration money for the whole or any part of the lands and receive a deed. Phillips agreed "to advance and pay the one-half of such amounts of money as may be necessary to construct and erect a first-class saw-mill or saw-mills, and such fixtures and machinery appurtenant thereto, and such other and additional improvements," as he, Phillips, might "from time to time consider and determine to be advantageous and necessary for the profitable and full development" of the lands. Then followed these clauses: "And the said saw-mills, machinery, and other improvements shall be located on such parts of said lands as may be mutually agreed upon by the said parties of the first and second parts herein named, holding as tenants in common, and not as partners. And it is hereby expressly covenanted and agreed, that the said Wm. Phillips, party of the second part named in this agreement, shall have the right and power to control all improvements made or to be made on said property, and to direct and manage the development of the lands herein described and held by said parties hereto as tenants in common, and not as partners."

Phillips died, and his administrators in June, 1874, assigned to the plaintiff and one Whitney all the interest of Phillips under the agreement of December, 1872, and in and to the lands described therein. At the same time, the heirs-at-law of Phillips quit-claimed to the plaintiff and Whitney the undivided one-half of the said lands, so agreed to be conveyed to Phillips. The timber in question was cut and taken from those lands. Under a contract between the plaintiff and Whitney, and one McCracken, made in September, 1876, the latter agreed to cut

from the lands a specified quantity of square pine timber, for a stipulated price, and deliver it to the plaintiff and Whitney at Pittsburg. In April, 1877, Whitney assigned to the plaintiff all his interest in that timber. McCracken, in pursuance of this contract, cut from the lands the timber in question. It was taken by the marshal under the writ in this suit, in April, 1877, and was bonded by the defendants and delivered to them.

The foregoing facts being proved at the trial, the court instructed the jury that the plaintiff had failed to show sufficient property in the timber to sustain replevin, and directed a verdict for the defendants, to which direction the plaintiff excepted.

*Mr. Robert Arthurs* and *Mr. George Shiras, Jr.*, for plaintiff in error.—Under the provisions of the agreement it was Phillips' duty to contract with third parties to cut and market the timber. His possession was that of a tenant in common, and his duty was to develop the property, and provide means for it by cutting and marketing the timber. Against third persons, such possession gave Phillips a title to the lumber cut and on its way to market which would sustain an action of replevin or trover. The act of assembly of May, 15, 1871, 2 Purdon's Digest, 1266, provides in terms that "in all actions of replevin now pending or hereafter brought to recover timber, lumber coal, or other property severed from realty, the plaintiff shall be entitled to recover, notwithstanding the fact that the title to the land from which said property was severed may be in dispute; provided, said plaintiff shows title in himself at the time of severance." Such legislation was deemed necessary because the Supreme Court of Pennsylvania, in several cases, had held that title to land could not be tried in and by transitory actions like replevin and trover. *Mather* v. *Trinity Church*, 3 S. & R. 509; *Brown* v. *Caldwell*, 10 S. & R. 114.

But, in the present case, the record and evidence disclose no dispute about or concerning the title under the contract. Phillips had a right of possession. His agreement was to cut and market the lumber. The case of *Harlan* v. *Harlan*, 15 Penn.

St. 507, is applicable.  It was there held that replevin would lie by a party having a right of possession of real estate to recover possession of lumber cut thereupon.  No reason is seen why the title of Phillips to this lumber could be disturbed by the tenants in common, or any one claiming under them.  It does not appear that the contract had been rescinded.  The rights and estate of Phillips thereunder had, by his death, devolved upon his personal representatives and heirs, and by deed and assignments had become vested in Bohlen, the plaintiff.

*Mr. John Dalzell* for defendants in error.

Mr. Justice Blatchford delivered the opinion of the court. After stating the facts in the language above reported, he continued:

It is contended, for the plaintiff, that Phillips acquired a right to the possession of the lands as a tenant in common, and a right to cut and market the timber, with a view to paying the consideration for the purchase ; that such rights had passed to the plaintiff; and that a verdict for the plaintiff should have been directed, or else the case should have been left to the jury under proper instructions.

The most that was shown by the evidence was, that the plaintiff claimed title to the timber as being a tenant in common with the defendants of the lands from which it was cut (it being stated in the bill of exceptions that both plaintiff and defendants claimed under Baum, Carrier and Osborne); and that the suit was against the defendants, being such tenants in common with the plaintiff, and in possession of the timber.

It is a well settled principle, that, to maintain an action of replevin, a person must have not only some right of property but the right of possession.  Hence, a tenant in common cannot maintain replevin against a co-tenant, because they have each and equally a right of possession.  This rule is recognized in Pennsylvania.  In *Wilson* v. *Gray*, 8 Watts, 25, 35, it is said: "The defendant may plead property in the plaintiff and himself, and, if true, it must not only defeat the plaintiff in his

writ, but entitle the defendant to a return of the property ; because, the latter, having had the possession of it, coupled with an interest, which makes his case the stronger, until improperly deprived thereof by the sheriff, under the plaintiff's writ, which he had no right to use for such purpose, has a right to be placed in *statu quo*, that is, restored to the possession of the property as the joint owner thereof."

The terms of the agreement with Phillips did not give him any title to, or right of possession in, any timber which might be cut from the premises. He was to have a deed of an undivided half of the lands when he should pay the consideration and perform the covenants. The purchase money could be paid out of the proceeds of the sale of the lands, or out of the sale of timber, coal or minerals, or lumber manufactured on the premises in mills to be erected thereon, as provided for in the agreement. But no land or timber could be sold unless the owners of the other undivided half of the lands should join with Phillips in a sale, and then one-half of the purchase money would belong absolutely to the former, and only the other half to Phillips, to be applied on his purchase. There was nothing in the agreement which gave Phillips any right to cut timber on the premises without the consent of the other parties, and their consent that McCracken or the plaintiff might cut and remove the timber is not shown.

The plaintiff cites the Pennsylvania statute of May 15, 1871, No. 249, Sess. Laws, 1871, p. 268; 2 Purdon's Digest, 1266, § 6, which provides as follows: " In all actions of replevin, now pending or hereafter brought, to recover timber, lumber, coal or other property severed from realty, the plaintiff shall be entitled to recover, notwithstanding the fact that the title to the land from which said property was severed may be in dispute : *Provided*, said plaintiff shows title in himself at the time of the severance." This statute has no operation as between tenants in common, but applies only to actions against third persons; and its object is only to prevent a defendant in a replevin suit of the character mentioned, from setting up a dispute as to the title to the land, between the plaintiff and a person other than the defendant, if the plaintiff shows a title

to the land, as against the defendant, at the time of the severance. Besides, the plaintiff here showed no title at all to the land, in himself.

*Judgment affirmed.*