EMANUEL McLAUGHLIN *vs.* GARRETT B. Mc-
LAUGHLIN AND OTHERS.

*Tenants in Common—Rents and Profits—Merger—Life-interest in
Land—Age of Life-tenant.*

One tenant in common, who occupies the common property, is noţ
liable to his co-tenants for use and occupation, unless there has been
an actual ouster of the co-tenants.

Where the life interest of a party in a moiety of the land owned in
common is conveyed to one co-tenant, the life estate is not thereby
merged, and the purchase does not enure to the benefit of all the co-
tenants.

Where land is sold under a decree and there is no direct proof of the
age of a person entitled to a life°estate in one-half thereof, in order
to ascertain the amount to be allowed for that interest, the Auditor
is justified in assuming that such person is more than sixty years of
age, when it is proved that he was married forty-six years before the
date of the audit.

Appeal from an order of the Circuit Court for Allegany
County, (HOFFMAN, J.,) overruling exceptions to an Au-
ditor's account distributing the proceeds of land sold under
a decree for partition, and finally ratifying the same.

The case is stated in the opinion of the Court.

The cause was argued before ROBINSON, C. J., BRYAN,
MᴄSHERRY, FOWLER, BRISCOE, PAGE, ROBERTS and BOYD, JJ.

*Joseph Sprigg* and *J. W. S. Cochrane* for the appellant.

*R. T. Semmes* for the appellees.

BRISCOE, J., delivered the opinion of the Court.

The bill in this case was filed for the sale of the real
estate of Rosanna and Laney McLaughlin, of ˙Allegany
County, for the purposes of partition, and for an account of
rents and profits. At the time of the sale, the heirs at law

were a brother, the plaintiff, and brothers and sisters and their descendants, the defendants. The interest of Rosanna was subject, however, to the life interest of her husband, Garrett B. McLaughlin, who survived her, but who subsequently conveyed his interest by deed to Daniel J. McLaughlin, a brother of the sisters, Rosanna and Laney.

The land was by the consent of resident parties sold under the decree, and the sale duly ratified. And the questions for our considerations arise upon exceptions to the Auditor's Report and Account, distributing the fund among those entitled thereto.

The first ground of exception is stated to be, because the Auditor does not charge the defendants with the fair annual rental occupation value of the property. Now it is well settled that one tenant in common who occupies the common property, cannot be held liable to his co-tenants for use and occupation unless there has been an actual ouster of his co-tenants. *Israel* v. *Israel and Wife*, 30 Md. 123.

Tenants in common are jointly seized of the entire estate, and each has an equal right of entry and possession; the possession of one is the possession of all, and ouster will not be presumed from exclusive possession by one cotenant, but actual ouster must be proved; there is no constructive ouster among tenants in common, but positive acts of hostility must be shown to constitute disseisin. *Van Bibber's Lessee* v. *Ferdinand Frazier*, 17 Md. 436.

The record in this case discloses no evidence which proves an actual ouster, or that the defendant, co-tenant had excluded the plaintiff co-tenant from the possession or the occupation of the property. The onus of proving the actual ouster was on the party alleging it, and this he failed to do. These are familiar principles of law, and are too well settled to need the citation of authority. The third exception is based upon the objection that the Auditor allows Daniel J. McLaughlin's heirs for the life estate of Garrett B., when the purchase thereof should have enured to the benefit of all the co-tenants.

The proof shows that the life-estate of Garrett B. was conveyed to his brother, Daniel J. McLaughlin, on the 12th day of April, 1854, in consideration of the sum of one hundred dollars, and that he died before the audit in the case.

It is contended upon the part of the appellant that the effect of this purchase was to merge or extinguish the life-estate, and that his purchase enured to the benefit of all the co-tenants. Merger, says Chancellor Kent, vol. 4, page 102, Kent's Com., is not favored in equity, and is never allowed unless for special reasons and to promote the intention of the parties. And to the same effect is *Clark et al* v. *Tennison et al.*, 33 Md. 92; *Dirks* v. *Logsdon*, 59 Md. 175; *Johnson* v. *Hines*, 61 Md. 122. No such intent is disclosed by the deed or the acts of the parties in this case, and it would clearly be against equity to allow it to operate here. The authorities cited by the appellant do not sustain his contention, but are cases where a co-tenant purchased an adverse claim or incumbrance. The case of *Lawes* v. *Lumpkin*, 18 Md. 240, was a bill filed for a partition by an adult heir against the widow and infant heirs and the widow alone, The Court held that the decree was not one in favor of one tenant in common against his co-tenants for an account, but was against the widow who was not a tenant in common of the house she occupied, nor of the rents and profits which she had received.

The eighth exception raises the question of the value of the tife-estate of B. Garrett McLaughlin, at the time of the audit.

This, of course, depends upon the proof as to his age. There was no positive proof as to his exact age, but, as was said by the Court below, the undisputed facts and dates furnish some proof and the strongest presumption that he was at the date of the audit over 60 years of age. His wife, Lancy, died prior to 1850, and his daughter, Flora, had died in 1865 at the age of 16. A period of 46 or 47 years must have elapsed between the date of his marriage to Lancy

and the date of the audit in 1893, thereby leaving but a space of 16 or 17 years between his marriage and birth in order to place his age in 1893, beyond the limit of 60 years. There was sufficient proof to authorize the auditor in fixing his age at over 60 years at the time of the audit. We have considered the other exceptions in the case, although the Court states in its opinion that they were waived and abandoned at the hearing, and we find no such error as would authorize a reversal of the decree ratifying the audit. There being no error in the decree overruling the exceptions and confirming the audit, the decree will be affirmed.

*Decree affirmed with costs.*

(Decided November 22nd, 1894.