## LYON v. BURSEY.*

COTENANTS; RIGHTS INTER SESE; TRESPASS; ACCOUNTING.

1. One tenant in common is not liable to his cotenant for use and occupation, unless there has been an actual ouster of the cotenant, or acts amounting to that; and ouster will not be presumed, but there must be a showing of positive acts of hostility. This rule is recognized by sec. 988, D. C. Code (31 Stat. at L. 1347, chap. 854).

2. An action of trespass by one tenant in common will not lie against his cotenant, for the reason that each is entitled to possession, and the possession of one is the possession of the other.

3. The action of account by one tenant in common against another (if maintainable at all in view of sec. 93, D. C. Code) cannot be main-

---

*Cotenants.*—As to liability of cotenants to account for use and occupation and rents and profits, see notes to *Gage* v. *Gage,* 28 L.R.A. 829, and *Schuster* v. *Schuster,* 29 L.R.A.(N.S.) 224.

tained without a showing that the plaintiff has been excluded from the enjoyment of his rights in the premises.

No. 2695.    Submitted November 5, 1914.    Decided December 7, 1914.

HEARING on an appeal by the plaintiff from a judgment of the Supreme Court of the District of Columbia upon direction of a verdict for the defendant in an action of trespass *quare clausum.*                                               *Affirmed.*

The COURT in the opinion stated the facts as follows:

This appeal is from a judgment in the supreme court of the District upon a directed verdict in favor of the defendant, Isaac B. Bursey, appellee, in an action of trespass *quare clausum.*

It appears that the parties are tenants in common of the north half of original lot 7 in square 834, situate on Fifth street, between F and G street, N. E., in this city. Plaintiff's testimony tended to show that the fair rental value of an undivided one-half interest in the premises was $5 per month; that as a result of litigation he had been put in possession of the premises; that they were then inclosed by a high board fence, and access thereto could be had only by climbing over the fence; that the defendant has used the premises to store lumber and old building material, but to what extent does not appear; that Isaac S. Lyon, appellant, the plaintiff, has demanded of the defendant that he remove said fence, and on June 22, 1911, wrote the defendant a letter, "now printed in No. 2642 court of appeals record." This letter appears in plaintiff's brief, and in it the defendant was notified that the plaintiff claimed "the fee-simple title to *all* of" said premises; *that he already had been put in possession of an undivided half thereof,* and demanded that the defendant remove said fence and everything on the lot, that the plaintiff might have "free and unobstructed access to and enjoyment of every part thereof." There was no evidence that the defendant had questioned the plaintiff's title

as tenant in common, or that he had done anything to prevent the plaintiff from entering the premises and participating in the enjoyment thereof, except his failure to remove the fence. The defendant introduced no evidence, and the court directed a verdict for him on the ground that, the parties being tenants in common, plaintiff's remedy, if any, was under sec. 93 of the Code [31 Stat. at L. 1203, chap. 854].

*Mr. Isaac S. Lyon* for the appellant.

*Mr. Leo Simmons* for the appellee.

Mr. Justice ROBB delivered the opinion of the Court:

It is well settled that one tenant in common is not liable to his cotenant for use and occupation, unless there has been an actual ouster of the cotenant, or acts amounting to that. *Mc-Laughlin* v. *McLaughlin,* 80 Md. 115, 30 Atl. 607. As tenants in common are jointly seized of the entire estate, and each has an equal right to entry and possession, the possession of one being the possession of all, ouster will not be presumed, but there must be a showing of positive acts of hostility. *Van Bibber* v. *Ferdinand,* 17 Md. 436; *Small* v. *Clifford,* 38 Me. 213. Our Code recognizes this rule, for sec. 988 [31 Stat. at L. 1347, chap. 854], authorizing an action of ejectment by one tenant in common against his cotenants, requires the plaintiff "to prove an actual ouster, or some other act amounting to a denial of plaintiff's title and his exclusion from the enjoyment of the property." In such an action a claim for mesne profits and damages may be included in a separate count. (Sec. 995). Section 1622 [31 Stat. at L. 1433, chap. 854] authorizes an action by one joint tenant or tenant in common against a cotenant for waste, and permits recovery for same in a suit for partition or a sale for the purpose of partition. Section 93, upon which the case was made to turn by the learned trial justice, provides for partition of an estate held in common, and further provides that where any tenant in common has received

rents and profits to his own use, he may be required to account to his cotenants, and that any amount found due on said accounting may be charged against the share of the party owing the same in the property, or its proceeds in case of sale.

At common law the appropriate remedy by a tenant in common against his cotenant who had secured more than his just share was an action of account against him as his bailiff, but an action would not lie unless the defendant in fact had been appointed bailiff by the plaintiff. To remedy this defect the statute of 4 Anne, chap. 16, was enacted. That statute constitutes the tenant in possession bailiff of his cotenant without special appointment, the action being made to depend upon privity of estate between tenants in common or joint tenants, and not upon privity of contract. *Hayden* v. *Merrill,* 44 Vt. 336, 8 Am. Rep. 372; 4 Kent, Com. 369; *Israel* v. *Israel,* 30 Md. 120, 96 Am. Dec. 571. An action of trespass by one tenant in common against his cotenant, such as the present, will not lie, for the obvious reason that each is entitled to possession and the possession of one is the possession of the other. For the same reason a tenant in common cannot maintain an action of replevin against his cotenant. *Bohlen* v. *Arthurs,* 115 U. S. 482, 29 L. ed. 454, 6 Sup. Ct. Rep. 114. Whether an action of account may be resorted to, notwithstanding the above provisions of the Code, it is unnecessary to determine. Certain it is that such an action would not lie under the facts of this case, for, on his own showing, the plaintiff was not seeking equal rights with the defendant, his cotenant, but was claiming the whole estate to the exclusion of the defendant. He testifies that he was put in possession of his undivided one-half interest, and his evidence fails to prove that he was thereafter excluded from the enjoyment of that interest.

The judgment will be affirmed, with costs.      *Affirmed.*