DAVID et al. v. YOUNGKEN et al.

(Circuit Court of Appeals, Eighth Circuit. April 3, 1918.)

No. 4877.

INDIANS ⬤▱15(2)—ALLOTMENTS—STATUTES—APPLICABILITY.

Act April 26, 1906, c. 1876, § 22, 34 Stat. 145, declaring that all conveyances by heirs who are full-blood Indians are to be subject to the approval of the Secretary of the Interior, under such rules and regulations as he may prescribe, applies where the allotment was not made to an Indian then living, but in the name of one who had died, for the benefit of his heirs.

Appeal from the District Court of the United States for the Eastern District of Oklahoma; Ralph E. Campbell, Judge.

Suit by Nellie David and others against J. H. Youngken, individually and as administrator of the estate of John D. Scott, deceased, and others. From a decree (235 Fed. 621) for defendants, plaintiffs appeal. Reversed and remanded.

Archibald Bonds, Sp. Asst. U. S. Atty., of Muskogee, Okl. (D. H. Linebaugh, U. S. Atty., and Paul Pinson, Sp. Asst. U. S. Atty., both of Muskogee, Okl., on the brief), for appellants.

L. J. Roach, of Muskogee, Okl. (J. B. Campbell, of Muskogee, Okl., guardian ad litem, on the brief), for appellees.

Before HOOK, SMITH, and STONE, Circuit Judges.

HOOK, Circuit Judge. This suit involves the construction of section 22 of the act of April 26, 1906 (34 Stat. 137), imposing certain

restrictions upon the alienation by heirs of lands allotted to members of the Five Civilized Tribes of Indians. The facts are as follows: Stephen David was an enrolled full-blood Cherokee Indian. He died intestate September 30, 1903, without having selected or received his allotment. He left surviving him a widow, five adult daughters, and a minor grandson, the issue of a deceased daughter. The widow and one daughter were of three-quarter blood, and the others, including the grandson, were full-blood Cherokees. May 28, 1907, the land in controversy was selected by the administrator as part of the deceased's allotment, and a patent was afterwards issued in his name. The heirs made conveyances which, if valid, resulted in vesting the title in appellee, Youngken, with certain rights in other parties that need not now be stated in detail. The conveyances by the full-blood heirs were not approved by the Secretary of the Interior. The last clause of section 22 of the act of 1906 provides:

"All conveyances made under this provision by heirs who are full-blood Indians are to be subject to the approval of the Secretary of the Interior, under such rules and regulations as he may prescribe."

The precise question in the case is whether the section applies where the allotment was made, not to an Indian then living, but in the name of one who had died, and for the benefit of his heirs. The trial court held it was not applicable, and entered a decree for Youngken. A like decision was made by this court in a similar case. Sunday v. Mallory, 150 C. C. A. 408, 237 Fed. 526. The Supreme Court has recently held otherwise. Brader v. James, 246 U. S. 88, 38 Sup. Ct. 285, 62 L. Ed. — (March 4, 1918); Talley v. Burgess, 246 U. S. 104, 38 Sup. Ct. 287, 62 L. Ed. — (March 4, 1918).

The decree is reversed, and the cause is remanded for further proceedings in accordance with this opinion.