## COCHRAN v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. October 31, 1921.)

No. 5599.

Indians ☞27(5)—United States may maintain replevin for personal property held in trust for Indian.

Where the Indian Department, from money awarded to a Cherokee Indian in lieu of an allotment of land, pursuant to Act April 26, 1906, §§ 2, 17, and the regulations of the Secretary of the Interior, made thereunder, and held in trust for the Indian, purchased a team of mules, taking a bill of sale to the United States, reciting that the property was held for the Indian, the United States *held* to have title, which would support an action of replevin for the team against a purchaser from the Indian.

In Error to the District Court of the United States for the Eastern District of Oklahoma; Robert L. Williams, Judge.

Action at law by the United States against W. G. Cochran. Judgment for the United States, and defendant brings error. Affirmed.

Alvin F. Molony, of Wagoner, Okl., for plaintiff in error.

C. W. Miller, U. S. Atty., of Muskogee, Okl., and L. K. Pounders, Sp. Asst. U. S. Atty., of Bristow, Okl.

Before CARLAND and STONE, Circuit Judges, and MUNGER, District Judge.

MUNGER, District Judge. This proceeding in error challenges a judgment in favor of the plaintiff below in an action of replevin. A written stipulation waived trial by jury and set forth the agreed facts. The property involved is a team of mules. The questions as to the ownership and right of possession arise in this way:

Eliza Wolfe was a full-blood Cherokee Indian, duly enrolled. She had not received an allotment from the tribal lands, although she was entitled to one, because there was not sufficient land belonging to the tribe to give an allotment of land to each member. By section 2 of the Act of Congress approved April 26, 1906 (34 Stat. 137, c. 1876), it is provided:

"If any citizen of the Cherokee Tribe shall fail to receive the full quantity of land to which he is entitled as an allotment, he shall be paid out of any of the funds of such tribe a sum equal to twice the appraised value of the amount of land thus deficient."

In November, 1911, there was set aside and apportioned to Eliza Wolfe out of the tribal funds, and in lieu of her allotment of lands, the sum of $651.21, an amount equal to twice the appraised value of an allotment of Cherokee land. In compliance with rules and regulations made by the Secretary of the Interior, this sum of money was then deposited with the United States Indian superintendent to the credit of Eliza Wolfe, for payment and disbursement according to law and the rules and regulations of the Interior Department.

In June, 1916, the Secretary of the Interior, acting through the Indian superintendent and other proper officers of the Indian Department, used the sum of $225 out of these funds in the purchase of this team from Frank Jones. At the time of the sale Jones executed a written bill of sale of the team, by which he sold and transferred them to "the United States of America, for Eliza Wolfe, a restricted Cherokee Indian, and her heirs," and delivered it to the proper officers of the Interior Department. The mules were then delivered into the possession of Eliza Wolfe. This bill of sale had a certificate attached reading as follows:

"Certificate of Notice.

"Department of the Interior, United States Indian Service, Five Civilized Tribes.

"Salina, Okla., Dec. 2, 1916.

"I hereby certify that in accordance with the regulations of the Interior Department, approved April 23, 1913, the above-described property was purchased for Eliza Wolfe, a restricted Cherokee Indian, with funds held in trust for him by the United States; that said property had been branded "U. S. I. D." (signifying that the purchase was made and the property is held by the United States through the Indian Department); and that the sale, mortgage, or other disposition of said property to be valid must be made in accordance with said regulations.

"[Signed] O. K. Chandler, F. C.[Official Title.]"

The bill of sale was duly filed for record. Afterwards, in November, 1918, the defendant purchased the mules from Eliza Wolfe for value and took possession of them. The claim made on behalf of the defendant is that the purchase of this personal property and the delivery of it to Eliza Wolfe vested in her the title to the property free from restrictions, and that there was no authority of law for the officers of the Indian Department to take a bill of sale, wherein the United States was named as purchaser, because of the language contained in section 2 of the Act of Congress of April 26, 1906, which has heretofore been quoted. This section does not fix a time when the Cherokee citizen was to be paid in money, except that the payment is to be made out of tribal funds. Section 17 of the same Act of Congress further treats of the subject in these words:

"That when the unallotted lands and other property belonging to the Choctaw, Chickasaw, Cherokee, Creek and Seminole Tribes of Indians have been sold and the moneys arising from such sales or from any other source whatever have been paid into the United States treasury to the credit of said tribes, respectively, and when all the just charges against the funds of the respective tribes have been deducted therefrom, any remaining funds shall be distributed per capita to the members then living and the heirs of deceased members whose names appear upon the finally approved rolls of the respective tribes, such distribution to be made under rules and regulations to be prescribed by the Secretary of the Interior."

The Secretary of the Interior adopted rules and regulations by which sums of money exceeding $50 due to Indians, such as Eliza Wolfe, should be deposited with the Indian superintendent as individual moneys to the credit of such Indian, to be disbursed under the direction of the Secretary of the Interior in accordance with the district agent system, and these rules were in force when the purchase of these mules was made. The United States was therefore holding this money in trust for Eliza Wolfe, and when the purchase was made it paid out these moneys as trust funds. It is not material to this inquiry whether the United States could have been compelled to relinquish the trust and to pay the money to Eliza Wolfe. It had not done so. The seller transferred his legal title by the bill of sale to the United States, as trustee for the use of Eliza Wolfe. In this action of replevin it was shown that the United States had the legal title, and therefore had the right of possession of the property. Bohlen v. Arthurs, 115 U. S. 482, 485, 6 Sup. Ct. 114, 29 L. Ed. 454; Dixwell v. Jones, 2 Dill. 184, Fed. Cas. No. 3,937, 34 Cyc. 1389. The decision in McCurdy v. United States, 246 U. S. 263, 38 Sup. Ct. 289, 62 L. Ed. 706, does not govern this case, because the money which in that case stood to the credit of the Osage Indian was paid for land which was not conveyed to the United States in trust for the Indian, but which was conveyed to a third person as trustee for the Indian, and it was not shown that any restriction of alienation was contained in that deed. David v. Youngken, 250 Fed. 208, 162 C. C. A. 344; United States v. Law, 250 Fed. 225, 226, 162 C. C. A. 354.

The judgment will be affirmed.