### UNITED STATES v. O'GORMAN.

(Circuit Court of Appeals, Eighth Circuit. March 5, 1923.)

No. 6174.

**Indians** ⊜⟹27(1)—**United States can replevy property purchased with trust funds of incompetent Indian.**

The United States can replevy a team of horses, bought by the superintendent of an Indian agency with money held by him in trust for an incompetent Indian, where the bill of sale recited the purchase money was from the trust fund, that it was paid by the superintendent as trustee, and that the sale was to him as trustee. and the bill of sale was promptly recorded. and recover possession of the team from a defendant, who made expenditures for veterinary services and for care of the team while in the control of the incompetent Indian。

In Error to the District Court of the United States for the District of Nebraska; Joseph W. Woodrough, Judge。

Replevin by the United States, as trustee and guardian for Mary Whitehawk, against T. O'Gorman. Judgment for defendant on the pleadings, and the United States brings error. Reversed and remanded.

⊜⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

George A. Keyser, Asst. U. S. Atty., of Omaha, Neb. (James C. Kinsler, U. S. Atty., of Omaha, Neb., on the brief), for the United States.

Before STONE, Circuit Judge, and BOOTH and JOHNSON, District Judges.

STONE, Circuit Judge. This is a replevin suit brought by the United States, as trustee, for the return of a team of horses. From judgment for defendant upon the pleadings, this writ of error is sued out.

These horses were purchased by the superintendent of the Winnebago Indian Agency with money held by him in trust for an incompetent Indian. The bill of sale recited that the purchase money was from a trust fund, that it was paid by such superintendent as trustee and that the sale was to him as trustee. This bill of sale was recorded promptly and long before defendant secured possession of the team. The defense is that the superintendent permitted the Indian, for whose benefit he purchased the team, to have possession and control thereof and that during such control defendant made expenditures for veterinary services and for care of the team and is entitled to enforce payment therefor against the team.

In our opinion, this case is directly ruled by Cochran v. U. S., 276 Fed. 701, decided by this court; and under that case should be reversed.

The judgment is reversed and remanded for proceedings in compliance with this opinion.