Estate of William McCorkle, deceased. Appeal of Hannah A. Marshall.

*Partition—Issue to determine title.*

In proceedings in the orphans' court for the partition of real estate, a mere assertion of title by a claimant, unsupported by conveyances or proof of any kind, does not show such a case of disputed title as divests the orphans' court of jurisdiction, and therefore, it is insufficient to require a suspension of the proceedings, and the awarding of an issue.

Argued Feb. 9, 1898. Appeal, No. 446, Jan. T., 1897, by Hannah A. Marshall, from decree of O. C. Chester Co., dismissing exceptions to auditor's report. Before WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Petition in partition.

Harry B. DeHaven presented his petition in partition, and the same day Hannah Marshall presented hers, alleging different facts and asking that hers be substituted for his.

E. D. Bingham, Esq., was appointed auditor to take proof of the facts and report them to the court with his opinion thereon.

From the report of the auditor it appeared that William McCorkle, the elder, died in 1819, intestate, seized in fee of certain real estate in Chester county, containing sixty-nine acres and fifty-three perches, and leaving to survive him a widow, Hannah

McCorkle, and five children, viz: John, William, Ruth, Mary and Jane. Mary and Jane, by releases in which their husbands joined, dated May 15, 1840, and recorded in the recorder's office of Chester county, in miscellaneous deed book, No. 27, page 146, released all their interest in said real estate to their brothers, William and John; and John, by deed dated April 1, 1876, and recorded in said recorder's office in deed book C 9, page 198, conveyed all his interest in said real estate to William. Ruth McCorkle died seized in fee of the undivided one fifth part of said estate, which part vested by operation of law in Hannah A. Marshall, daughter of Jane S. McCorkle.

Harry B. DeHaven presented a petition to the orphans' court of Chester county, averring that he was seized in fee of the undivided four fifth parts of said real estate, and that Hannah A. Marshall was seized in fee of the undivided one fifth part thereof, and praying the court to award an inquest to make partition of said real estate. An inquest was awarded. On the same day, but later, Hannah A. Marshall presented her petition to said court, averring that the shares of the children, viz: Ruth, Mary and Jane, in said real estate, had never been transferred; and that she, as their heir, was entitled to the undivided three fifth parts thereof; that William McCorkle acquired by purchase the share of his brother John, "and by an alleged last will attempted to devise all of said real estate to one Harry B. DeHaven," and praying the court for an inquest to make partition of said real estate.

The question whether or not the inquest awarded on the first petition should be set aside, was submitted to the auditor. Before the auditor, a request for an issue was made on the allegation that the title to real estate was in dispute.

At the hearing before the auditor, counsel for Harry B. De Haven offered in evidence the various releases in his favor upon which his title was based.

Counsel for Hannah A. Marshall objected to the offer of these records because in a proceeding in partition where title to the land is in dispute the duty of the auditor is to at once report that fact to the court, and not to undertake to hear and determine questions of title. In order to support this contention that title to land is in dispute in this proceeding, counsel relied entirely upon this petition filed, no evidence of any character being offered to sustain the averments in that petition.

The auditor reported his conclusions as follows:

Is this sufficient to take the matter out of the hands of the auditor, and send it before a jury to determine the question of title? In Welch's Appeal, 126 Pa. 302, the court says: "The orphans' court is essentially a court of equity, and its proceedings regulated according to the principles of equity. May not the court then look into this testimony upon this alleged claim of Daniel Welch sufficiently far to determine whether or not it has any foundation in fact? For why should the court suspend proceeding in partition and compel the parties to go into a court of common law with their action of ejectment to determine question of alleged title, which upon a mere inspection of the testimony as it appears, is not sufficient to justify submitting to the jury." In the case in hand we have a record title to four fifths of the real estate in question vested in Harry B. De Haven, with one fifth in Hannah Marshall. As against this we have the naked allegation of Hannah Marshall in her petition that the shares of Mary Shields and Jane S. Young are still vested in their heirs. With the testimony as it appears before your auditor of the regularly executed releases, the execution of which indeed nowhere appears to be denied, no court would permit a verdict against De Haven to stand. The auditor does not understand the rule to be that a mere allegation of dispute in title ties the auditor's hands and compels the court to award an issue in the common pleas. So far as this branch of the case is concerned the auditor is clearly of the opinion that the inquest awarded upon the petition of Harry B. De Haven should stand.

Exceptions to the auditor's report were dismissed by the court.

*Error assigned* was in dismissing exceptions to auditor's report.

*Charles H. Pennypacker*, for appellant.—The orphans' court had no jurisdiction to determine the question of title raised in this proceeding: Fretz's App., 4 W. & S. 433; Snyder's App., 36 Pa. 166; Delbert's App., 83 Pa. 468; Odd Fellows Savings Bank's App., 123 Pa. 356; Bavington v. Clarke, 2 P. & W. 115; McMasters v. Carothers, 1 Pa. 324; Richards's Est., 4 Del. Co. 454; Adelman's Est., 6 Kulp's Rep. 382.

*William S. Windle*, of *Butler & Windle*, for appellee, cited Welch's App.. 126 Pa. 302.

PER CURIAM, February 28, 1898:

The pleadings do not develop a case of disputed title. De-Haven's petition presented a case of an apparent title to an undivided four-fifths of the real estate in question, supported by his muniments of title. The petition of Hannah A. Marshall contained nothing but a mere allegation of title, unsupported by conveyances or proof of any kind. The matter having been referred to an auditor he reported that no testimony was offered in support of the Marshall claim, while the petition of DeHaven was sustained by actual proof of the title claimed, and that this proof was not impeached in any way. Upon this state of the testimony the auditor was right in sustaining the proceeding upon the DeHaven petition. The orphans' court so thought and sustained the report, and in so doing there was no error. At the bar of this Court a verbal suggestion was made that the deed of release made in 1840 by Mary Shields and Jane S. Young and their husbands was not separately acknowledged by the wives. As no question upon that subject was raised before the auditor or the court below, nor by any assignment of error in this Court, we make no decision in reference to it.

Decree affirmed.