Alfred O. Deshong *v.* Emmeline L. Deshong, Clarence Deshong and J. Edwards Woodbridge and Louise D. Woodbridge, his wife, in right of the said Louise D. Woodbridge, Appellant.

| 186 | 227 |
| 193 | 274 |
| 186 | 227 |
| 212 | 222 |

*Partition—Practice, C. P.—Death of party—Continuance.*

In partition all the real estate must be brought into one proceeding if practicable.

In an action in the common pleas for the partition of lands, it appeared that the lands in question had been devised by a decedent as follows: tract A to the widow for life; tract B to a son, the plaintiff, for life, the residue to a son, J., which included the remainders in tracts A and B. Subsequently J. died intestate, unmarried, and without issue, leaving to survive him his mother, his brother, the plaintiff, another brother and a sister. The mother by deed conveyed an undivided one third of the life estate which she derived from J. to each of her surviving sons. The plaintiff did not include in the proceedings either tract A or tract B. The mother

and the other brother and sister were parties defendant. The sister filed a special plea setting out the failure to include tracts A and B. Issue was joined on this plea. Before the trial the widow died. The sister thereupon asked for a continuance which was refused, and the jury was directed to find for the plaintiff. *Held,* (1) that as the case stood at the close of the evidence the verdict should have been directed for the appellant on her special plea; (2) that the death of the widow made the special plea as to tract A, good in substance; (3) that the continuance asked by the appellant should have been granted.

Argued Feb. 10, 1898. Appeal, No. 497, Jan. T., 1897, by defendant, Louise D. Woodbridge, from judgment of C. P. Delaware Co., March T., 1897, No. 48, on verdict for plaintiff. Before GREEN, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Reversed.

Summons in partition. Before CLAYTON, P. J.

The facts appear by the opinion of the Supreme Court.

Verdict and judgment for plaintiff. Defendant, Louise D. Woodbridge, appealed.

*Errors assigned* were (1) in directing the jury to find a verdict for plaintiff, quod partitio fiat; (2) in refusing a continuance.

*O. B. Dickinson*, for appellant.—This proceeding was in the common pleas. The lands to be divided were the estate of an intestate, John O. Deshong, Jr. Before the act of April 21, 1846, the jurisdiction of the orphans' court in all cases of intestacy was exclusive: McMichael v. Skilton, 13 Pa. 215; Clawges v. Clawges, 2 Miles, 34; Gourley v. Kinley, 66 Pa. 271.

The whole estate must be brought into the partition. There cannot be several partitions of different purparts: Miller v. Miller, 13 Pick. 237; Miller on Partition, 48; Rex v. Rex, 3 S. & R. 533; Everhart v. Shoemaker, 42 Leg. Int. 480.

*W. B. Broomall*, for appellee.—When the owner of the life estate died she ceased to have any interest in the case either to assert or defend. Hence there could be no substitution, and the reason for a continuance is absent.

The continuance was a matter of discretion in the court below and not reviewable.

OPINION BY MR. JUSTICE MITCHELL, May 23, 1898:

John O. Deshong, Sr., devised to his widow Emmeline, for her life what I will call for convenience tract A, his homestead; to his son Alfred, the plaintiff, for life, tract B ; and to his son John O., Jr., the residue, which included the remainders in fee after the life estates in tracts A and B. John O. Deshong, Jr., died intestate, unmarried and without issue, leaving his mother Emmeline, a brother Alfred, the plaintiff, another brother Clarence, and a sister, Mrs. Woodbridge, the appellant. The mother, Emmeline, by deed released and conveyed an undivided one third of her life estate in the lands which she had thus derived from her son, John O., Jr., to each of her sons, Alfred and Clarence. It will be observed that the widow, upon the death of her son John O., Jr., had two life estates in tract A, one in possession under her husband's will, and one in remainder as heir to her son. As the latter was in remainder after her previous estate and both being for her own life, it would practically have merged or rather coalesced, had she not released two thirds of it to her two surviving sons. It is claimed by appellee that these releases were of her whole interest, and included both life estates. In support of this it is argued that the release being of " all the estate for life of the party of the first part, in and to all the undivided third part belonging to the party of the second part, of all the real estate of which John O. Deshong, Jr., died seized in his demesne as of fee," and as John O., Jr., was seized in fee in remainder of tract A, the release must include all the widow's interest in that tract. The word seizin, it was urged, though in its primary sense meaning possession, yet frequently has an enlarged signification, meaning any present ownership of a freehold estate. It may be conceded that the word is frequently used in such enlarged sense, but it is quite clear that the grantor did not so use it in the present case. It is not the accurate sense of the word, and there can be no presumption that it was not used accurately. On the contrary, the circumstances point the other way. The widow was in possession of the homestead for her life under her husband's will when she became heir for life to her son John O., Jr., who held the fee in the residue of the estate, including a remainder in the homestead. John O., Jr., had no seizin or title which could have disturbed her possession,

and when she released to her sons the undivided two thirds in the estate which had been John's, there is nothing to indicate that she meant to give them any more right to disturb her possession of the homestead than John had in his lifetime. What she granted was what she had got from him. The full life estate which she had from her husband's will she clearly meant to retain.

At the issue of the writ therefore the title stood thus:

"First; in the widow a life estate in tract A, under her husband's will, and a life estate in an undivided third of the residue as heir to her son John O., Jr.

"Secondly; in plaintiff a life estate in tract B ; a remainder in fee in an undivided third of the same tract; a like remainder in tract A after the widow's life estate ; and a fee in possession in an undivided third of the residue.

"Thirdly ; in Clarence a fee in remainder of an undivided third in tracts A and B after the respective life estates of his mother and Alfred therein ; and a fee in possession in an undivided third of the residue.

"Fourthly ; in Mrs. Woodbridge, appellant, a fee in remainder of an undivided third of the whole estate, after the respective life estates of her mother in tract A and in one third of the residue, and of Alfred in tract B."

The plaintiff issued his writ of partition against his brother, his sister and his mother. The latter however was only made party as the holder of a life estate in an undivided third of the residue. Tract A was not included in the writ or the declaration. Nor did plaintiff include tract B in which he held a present life estate and a remainder in fee in an undivided third. Appellant, one of the defendants, pleaded inter alia that the lands described, etc., were not all the lands of which the parties were seized, etc.

It appears that this is a good plea. In Rex v. Rex, 3 S. & R. 533, it was said by Duncan, J., that " under proceedings founded on the intestate laws it is incumbent on the petitioner to bring the whole real estate before the court. There cannot be several inquisitions of it by parcels," for then the inquest could not accommodate the children with as many portions of the whole estate as it might be capable of accommodating them with, and the right of election might be unfairly used. This view was

followed by our late Brother CLARK in Everhart v. Shoemaker, 42 Leg. Int. 480. " Where partition is to be enforced by legal process it is essential that the whole tract embraced by the cotenancy should be included:" 17 Am. & Eng. Ency. of Law, 752, tit. Partition, III, 10*b*.

The original plea was in general terms that the lands declared for were not all the lands, etc., but appellant subsequently filed an additional plea setting out the failure to include tracts A and B. On both these pleas the plaintiff joined issue.

The question thus raised is so far as we are advised new. No precedent was cited by either side, nor have I been able to find any in such independent research as the pressure of other business has permitted. Under the statutes of 31 H. 8, c. 1 and 32 H. 8, c. 32, which are the foundation of the modern law on the subject, there was no partition of estates in remainder. Being a possessory action, if there was no present right of possession there was no case for partition: Freeman on Partition, sec. 440, and cases there cited. The outstanding life estates in tracts A and B would therefore have prevented the remainder men from including them in the present suit. But the Act of April 11, 1835, P. L. 199, provided that writs of partition may be sued and the same proceedings had, "notwithstanding there may be a life estate in part or parts of the property with remainders over in fee," but such proceedings shall not interfere with the possession of any life tenant entitled to the exclusive possession of any part of the premises, unless with his consent. But proceedings "may be had subject to such possession, or such part of the premises may remain undivided during the existence of the life estate, unless otherwise disposed of by the agreement of parties." This statute appears to have been very little before the courts, and its construction is still open upon the points which arise in the present case. At whose option shall the choice be made whether partition shall be had subject to the life tenant's possession, or such part be left undivided during the existence of the life estate? And further, while it is clear that no adverse proceeding without his consent could interfere with plaintiff's possession of tract B under his life estate, so long as he was only a life tenant, yet it may be open to question how far he could himself omit it in asking partition of the rest of the estate, without infringing on the

rule already referred to, that all the real estate must be brought into one proceeding if practicable, and the question is further complicated by the fact that he is not a mere life tenant, but the holder of a fee in an undivided third in remainder after his own life estate. These questions arise in the case, and will probably have to be determined before its final decision, but the course of the trial prevented them from being specifically made there, and they have not been argued by counsel here. As the judgment must be reversed upon another ground, we therefore leave them for the present open.

In regard to tract A the same question would arise at the issue of the writ, how should it be determined whether to include it subject to the life estate, or to leave it undivided until the death of the life tenant? The latter by her plea consented that partition should be made of the premises in the writ but the homestead was not included, and whether or not she would consent as to it could not appear. Before the trial, however, the widow died, and thereby these questions as to tract A became immaterial. It then belonged in fee and in possession to the plaintiff and the two remaining defendants, in common, and there was no longer any reason why it should not be included in the proceedings. The learned judge was therefore in error in holding that her death made no difference in the proceeding, and the continuance asked by the appellant should have been granted. It would have been more regular if the appellant, after the suggestion of the death of the widow, had filed a formal plea puis darrein continuance, setting forth the fact that tract A was now held in common by the remaining parties, and should be included in the proceeding. But even without this, it now plainly appeared by the admitted facts that appellant's special plea as to tract A was good in substance, and, therefore, the direction to the jury to find for the plaintiff was an error. As the case stood at the close of the evidence the verdict should have been directed for the appellant on her special plea as to tract A. Whether plaintiff can cure this defect in his proceeding by amendment or new assignment we do not at present express any opinion about, but it is clear that without such amendment he cannot get on at all, and the verdict must be for the defendants. Even with this amendment the questions as to tract B will still remain.

Judgment reversed and venire de novo awarded.