William R. Holmes, Appellant, *v.* Margaret M. Fulton,
John Paul, Trustee and Administrator d. b. n. c. t. a.
of Andrew Fulton, Sr., Deceased, et al.

*Partition—Equity—Parties.*

Where a tenant in common has filed a bill in equity for a partition, but
has failed to join all the parties in interest, his vendee may file a bill in
the nature of a bill of revivor, in which all such parties may be joined as
parties defendant.

*Partition—Life estate—Act of April* 5, 1842, *section* 9—*Pleading.*

Under the act of April 5, 1842, a son who has obtained by conveyance
from his mother an undivided interest in her life estate in real estate,
has a standing to file a bill in equity for partition, and his right is not
defeated by the fact that he has other interests in the land which are con-
tingent.

All the real estate held in common by the same title must be brought
into one proceeding for partition if practicable, but the failure so to do
cannot be taken advantage of by demurrer, as it is not a bar apparent on
the bill, either to the jurisdiction of the court or to the plaintiff's right, but
a matter of defense in abatement, and should be set out specially by a plea
fulfilling the requirements of a plea in abatement.

Argued Nov. 11, 1898.    Appeal, No. 213, Oct. T., 1898,
by plaintiff, from decree of C. P. No. 1, Allegheny Co., June T.,
1898, No. 596, dismissing bill in equity.    Before GREEN,
McCOLLUM, MITCHELL, DEAN and FELL, JJ.    Reversed.

Bill in equity for partition.
The facts appear by the opinion of the Supreme Court.

*Error assigned* was decree dismissing bill.

*D. T. Watson,* with him *George P. Hamilton* and *Johns Mc-
Cleave,* for appellant.—Under the act of 1842 any person who
has a life estate or interest in a life estate, legal or equitable,
whether that interest may be defeated or diminished or not,
may be the demandant for a partition : Longwell v. Bentley, 23
Pa. 99 ; Seiders v. Giles, 141 Pa. 101.

There could not be a merger which would destroy the entire
life estate of Thomas C. Fulton, Jr., and this because he had a
remainder in fee only in the one fourth of the Dilworth one half

of the triangular piece, whereas he had a life estate in the four fourths of the Dilworth one half: Carrow v. Headley, 155 Pa. 96.

The present bill, as filed, is not strictly a supplemental bill or bill of revivor, but one in the nature of both, and it is properly filed: Story's Equity Pleadings, sec. 377; Stafford v. Howlett, 1 Paige (Ch. Rep.), 201; Pendleton v. Fay, 3 Paige, 204; Jenkins v. Eldredge, 3 Story, 307; Woodward v. Woodward, 1 Dickens, 33; Barribeau v. Brant, 17 Howard (U. S.), 43.

A new right obtained since the decree, or a new party who purchases the plaintiff's title, should intervene by supplemental bill: Saunders v. Frost, 5 Pick. 276; Gove v. Lyford, 44 N. H. 528; Daniell's Chancery Pleading & Prac. 1497; Beach on Modern Eq. Practice, sec. 490; Greenwood v. Atkinson, 5 Sim. 419; Morgan v. Morgan, 10 Ga. 297; Jenkins v. Freyer, 4 Paige, 47; Head v. Meloney, 111 Pa. 99; Coursin's App., 79 Pa. 228; Brewster's Practice, sec. 5926.

No paper-book was filed for appellee.

OPINION BY MR. JUSTICE MITCHELL, October 23, 1899:

The same subject of litigation was here before under the name of Holmes v. Woods, 168 Pa. 530, which was an action for purchase money of land, the defense being defective title. In that case the court below held (p. 533) that Thomas C. Fulton, Jr., had such interest in the property by virtue of the conveyance to him of his mother's life estate as authorized him to bring his bill for partition of such interest, but that his right to partition of the whole estate depended on a consideration of the interests of the parties defendant to his bill. Upon the latter point the court held that the proceeding was defective because there were unrepresented parties, in esse and in posse, with interests which though remote were entitled to be considered. It was accordingly held in that court and affirmed here that the title of Thomas C. Fulton, Jr., was not marketable. There were some other questions incidentally involved, but that is the only one decided here. The appellant, who is a purchaser from Thomas C. Fulton, Jr., then filed the present bill to perfect his title, and the new parties have raised again directly some of the questions incidentally raised but not decided in the former case.

We entertain no doubt of the right of the appellant to file this bill. While not a party to the original proceedings, and while his bill is not technically supplementary or amendatory, it is a bill of revivor, partaking of both natures, filed by a purchaser from the original plaintiff in partition, and therefore a privy in estate with him, to revise and correct the proceedings under which he holds title. Having purchased on the faith of such proceedings it is the duty of a court of equity to assist him, so far as it can be done with due regard to the rights of others.

The appellant, then, having the same standing that the original plaintiff in partition, Thomas C. Fulton, Jr., would have had to revive and review the proceedings, has now included as defendants all parties having any interest, present or future, vested or contingent, so that that objection is now fully met. The main question therefore now recurs, had Thomas C. Fulton, Jr., such title in the lot in question as would support a bill for partition? His interest was threefold, (1) an estate in possession in an undivided eighth (one fourth of one half) during his mother's life, by virtue of conveyance from her who derived title from A. Fulton Dilworth; (2) a vested remainder in the same undivided eighth, after his mother's life estate, under the will of Dilworth, but subject to open and let in afterborn children of his mother; (3) a contingent remainder in an additional undivided eighth (one fourth of his mother's one half), under the will of Andrew Fulton, subject also to open and let in afterborn children of his mother. If any one of these interests or any combination of them gave him standing for his bill it must be sustained.

Partition being in its essence an action in relation to possession only, it is clear that neither at common law, nor under the statutes of 31 and 32 Henry VIII, could it be sustained by a mere tenant in remainder either vested or contingent. But a much broader scope was given to the action in our law by the Act of April 11, 1835, P. L. 199, by which " writs of partition may be sued by parties interested in real estate . . . . notwithstanding there may be a life estate in part or parts of the property with remainders over in fee." The purpose of this act was to permit tenants in common in remainder to ascertain and sever their purparts notwithstanding their want of present pos-

session.   The rights of the life tenant were preserved by provisions not necessary now to refer to in detail, but there was no apparent intention to enlarge his rights as against the remaindermen: Seiders v. Giles, 141 Pa. 93.

By the Act of June 3, 1840, P. L. 593, the action was still further enlarged by the provision that writs may be sued by parties interested in real estate, notwithstanding limitations of estates or interests in the premises to persons not in existence at the issue of the writ, but with the proviso that the demandant shall have "an indefeasible estate in fee simple in the purpart claimed by him, not subject to be defeated or diminished by a subsequent event."

And finally by the Act of April 5, 1842, P. L. 234, sec. 9, the requirement of a fee simple in the demandant is repealed, and it is enacted that proceedings in partition "may be instituted by persons having legal or equitable life estates in any real estate."

These statutes show a consistent and continuing policy on the part of the legislature to enlarge the right of severance among joint holders of real estate, and to assimilate more and more closely the rights of such persons to those of partners whom a court of equity will permit to dissolve the partnership when harmonious mutual action is no longer attainable, although the stipulated time of dissolution has not yet been reached.

Viewing these statutes with reference to the present case they authorize a bill for partition by a tenant for life where he has an estate, legal or equitable, in the purpart claimed by him, not subject to be defeated or diminished by a subsequent event. This condition is fulfilled by the estate of Thomas C. Fulton, Jr., in the one eighth which he derived by conveyance from Margaret M. Fulton.   Under the will of Andrew Fulton, Sr., the half of the estate left to his daughter, Mrs. Dilworth, descended on her death intestate to her son Andrew Fulton Dilworth in fee, thus making him a new stirps.   By his will he devised the estate to his aunt, Margaret M. Fulton, for life with remainder in fee to her children.   Thomas C. Fulton, Jr., therefore, as one of her children, has a vested remainder after his mother's life estate in one fourth of the Dilworth moiety of the estate, subject, however, to open and let in any afterborn children of his mother.   Except for this incident of his estate he would clearly

be entitled to partition as a remainder-man under the act of 1835. . Whether the contingent liability to open for persons not now in esse would be sufficient to exclude him under that and the subsequent acts, we are not now required to consider, as the conveyance from his mother vested in him an indefeasible estate pur autre vie in present possession which even the birth of other children cannot defeat or diminish. This brings him within the very letter of the act of 1842.

It seems to be clear that this difference in the quality of the life estate and the remainder in fee, as to the possible diminution of the latter, is sufficient to prevent a merger, which never operates against the plain interest of the lesser estate. In this view of the case it follows that Thomas C. Fulton, Jr., had a standing to maintain his original bill, and the appellant having succeeded to his rights, the learned court below was in error in dismissing the present bill for want of jurisdiction.

There is one other point in the case that needs to be noticed. All the real estate held in common by the same title must be brought into one proceeding for partition if practicable : Deshong v. Deshong, 186 Pa. 227. The original bill in the present case sought partition only of a part of the five acres held in common, a triangular piece, cut off and separated from the rest by the action of the city of Pittsburg in opening new streets. Some of the parties representing very remote interests set out this objection in their demurrer. This was ineffectual. It was not a bar apparent on the bill, either to the jurisdiction of the court or the plaintiff's right, but a matter of defense in abatement, and should be set out specially by a plea fulfilling the requirements of a plea in abatement. As plaintiff's bill comes into court now on Thomas C. Fulton, Jr.'s, life estate in one eighth of this triangular lot, and it does not appear that said Fulton holds any other part of the estate by the same title, it is not clear that it is or was practicable for him to include anything else in his bill. But if it should so appear, then the amendment asking for a repartition of the whole five acres should be granted. As it seems to be conceded that the special circumstances of this triangular lot made a separate dealing with it desirable in the interest of all parties, and as the interests sought to be protected by the demurrer were small and remote, the demurrants may not feel called upon to

urge this point any further. We need not therefore dwell longer upon it.

Decree reversed, bill reinstated and procedendo awarded.