# Stickles *v.* Oviatt, Appellant.

*Partition—Decedents' estates—Inclusion of all the real estate—Widow.*

Where any of the heirs of a decedent attempt to compel partition of the decedent's real estate either in the common pleas, or orphans' court, they must, if practicable, include in the proceedings all the real estate which passes to them as heirs, and is held by them as tenants in common. The fact that certain of the heirs assigned to the widow of the decedent a portion of the real estate for her use for life, is no ground for not including in partition proceedings the portion of the land in the possession of the widow. Where the bill in partition contains a description of the part of the real estate assigned to the widow and an averment that the deceased died seized of it, a failure to include such real estate in the proceedings may be taken advantage of by demurrer.

Where certain of the heirs of a decedent have assigned to the widow of the decedent a life interest in a portion of the real estate, the widow must be included as a party in subsequent partition proceedings to divide the whole of the real estate.

Argued May 1, 1905.    Appeal, No. 303, Jan. T., 1904, by defendant, from decree of C. P. McKean Co., June T., 1904, No. 2, on bill in equity in case of Hiram S. Stickles, Jacob Stickles, Lydia Smith, Jay Stickles and Adelbert E. Stickles v. G. C. Oviatt et al.    Before MITCHELL, C. J., DEAN, BROWN, MESTREZAT and POTTER, JJ.    Reversed.

Bill in equity for partition.    Before BOUTON, P. J.
The facts are stated in the opinion of the Supreme Court.

*Error assigned* was decree awarding partition.

*Rufus B. Stone*, with him *J. M. McClure*, and *Allan Oviatt*, for appellant.—The widow should have been joined : Brown's App., 84 Pa. 457 ; Barclay v. Kerr, 110 Pa. 130 ; Gourley v. Kinley, 66 Pa. 270.

It has been judicially declared that it is incumbent upon the petitioners to bring the whole of the real estate before the court; there cannot be several inquisitions by parcel : Rex v. Rex, 3 S. & R. 533.

*F. D. Gallup*, with him *V. B. Bouton*, for appellees, cited : Ziegler v. Grim, 6 Watts, 106 ; Seiders v. Giles, 141 Pa. 93 ; Hunsecker's Est., 6 Pa. Dist. Rep. 202 ; Coleman v. Coleman, 19 Pa. 100 ; Sheetz v. Emerick, 5 Phila. 190 ; Richards v. Rote, 68 Pa. 248 ; Crouse v. Bedell, 11 Pa. Superior Ct. 598.

OPINION BY MR. JUSTICE MESTREZAT, May 22, 1905 :
This was a bill filed by certain heirs of Miller C. Stickles, deceased, against his other heirs for the partition of about one-half of the real estate of which he died seized.    He died January 20, 1903, intestate, and left no lineal descendants, but left a widow who was not made a party to the proceedings. The defendants demurred to the bill and assigned as causes of demurrer that (a) it should have included all the real estate of which the deceased died seized ; and (b) the widow should have been made a party to the proceedings.    The demurrer was overruled and subsequently, on the refusal of the defendants to answer, a final decree of partition was entered.

The court below committed manifest error in overruling the demurrer. It should have been sustained and the bill dismissed.

The parties to the suit held the real estate under a common ancestor, and neither his title nor that of any of the parties is in dispute. On the death of the ancestor, the title to all his real estate passed to plaintiffs and defendants, subject to the dower rights of his widow which was a life interest in the one-half of the real estate. Under such facts, we have held in numerous cases that where any of the interested parties attempt to compel partition, either in the common pleas or orphans' court, they must, if practicable, include in the proceeding all the real estate which passed to the heirs of the deceased and is held by them as tenants in common. This was ruled as long ago as 1817 in Rex v. Rex, 3 S. & R. 533, where Mr. Justice DUNCAN said (p. 539) : "Under the proceedings founded on the intestate laws, it is incumbent on the petitioners to bring the whole real estate before the court. There cannot be several inquisitions of it by parcels. For then the inquest could not accommodate the children with as many portions of the whole estate as it might be capable of accommodating them with." The same rule has been adhered to and followed in more recent years. In Ihmsen v. Ormsby, 32 Pa. 198, Mr. Justice STRONG, delivering the opinion, says (p. 201) : "It is true that, ordinarily, in proceedings in partition in that (orphans') court it is incumbent upon the petitioner to bring before the court the whole of the real estate of the decedent, subject to partition. If it appears affirmatively, on the presentation of the petition, that all is not included, the inquest should be refused, and if on return of the inquisition this defect became manifest, the proceedings should be quashed." In Everhart v. Shoemaker, 2 Walk. 158, Mr Justice CLARK, speaking for the court, states the rule and the reasons for it as follows (p. 164) : " In partition, however, in the common pleas or in the orphans' court, it is without doubt incumbent on the party instituting the proceedings, if practicable, to embrace the whole of the undivided realty within the jurisdiction or power of the court. There cannot be inquisitions upon it, by parcels ; such a course of proceeding would, through the exercise of the right of election, as fixed by law, give unfair and unjust ad-

vantage to those first entitled.   There should, in general, when the title and possession is certain and determined, be but one inquisition, embracing all the lands, tenements and hereditaments held and possessed by the parties, together and undivided, within the reach of the writ; and the record in all. cases will, upon proper application, be made to conform to and commensurate with the rights of the parties.   We do not say that the omission of any of the parcels from the partition would upon any principle of estoppel, or otherwise, affect the estate or title of the parties, or of either of them, but we do say it is the right of both to have the whole embraced in the proceedings, if that right is not waived." These cases have been followed and approved in Deshong v. Deshong, 186 Pa. 227, and in Holmes v. Fulton, 193 Pa. 270.   Such is held to be the law in other states : Grove v. Dickinson (Ala.), 39 Am. St. Rep. 67.

The plaintiffs' contention that it was not practicable to include in the proceeding the land in possession of the widow is without merit and has nothing to sustain it.   The agreement signed by the widow and part of the heirs assigning to her the use of one-half of the real estate was no reason for not including that portion of the property in the lands to be divided.   Had all the heirs signed the agreement and if it bound all of them, it gave the widow but a life estate in the portion set apart to her and still left in the heirs the remainder which might then have been the subject of partition.   But aside from this consideration, the agreement was not signed by all the heirs, and as to those not signing, it was, of course, inoperative and would be no reason for omitting from the partition proceeding the lands described in it and in possession of the widow.   The parties not signing the agreement, therefore, clearly have the right to demand that all the real estate of the deceased be included in the partition proceedings.   Nor can we sustain the plaintiffs' position that the failure to include in the proceedings part of the real estate cannot be taken advantage of in this case by demurrer.   That contention would have been correct had the plaintiffs omitted from the bill the description of that part of the real estate assigned to the widow and the averment that the deceased died seized of it.   Had not these facts appeared in the bill and hence constituted a bar apparent

on its face, the defendants would have been compelled to set them up in a plea.

The learned court was also in error in not sustaining the demurrer on the ground that the widow was not made a party to the proceeding. The agreement was not signed by all the heirs interested in the real estate of the deceased, and those parties had a right to demand partition of all real estate of which the intestate died seized, and hence the widow was a necessary party to the proceeding. If by a valid agreement, all the interested parties had conveyed or assigned to the widow for life the premises in her possession, it might have raised a different question from that presented here by this record, but, at least, some of the demurrants did not sign the agreement of March 19, 1904, setting apart to her the one-half of the real estate "so that she may freely enjoy the full use of her one-half moiety and receive the rents, issues and profits of the same to her sole and absolute use during her natural life." This, therefore, is the ordinary case of a bill brought by an heir for partition of an intestate's real estate to which, as has been frequently held, the widow must be made a party. In Brown's Appeal, 84 Pa. 457, Mr. Justice PAXSON, delivering the opinion, says (p. 459) : "If this bill had been filed by the heir the jurisdiction could not well have been questioned. Yet in such case the widow would have been a necessary party, and her rights would have been ascertained in such proceeding." The ruling of this case was recognized and approved in the subsequent case of Barclay v. Kerr, 110 Pa. 130, where Mr. Justice GORDON, speaking for the court, says (p. 134) : "That a widow is properly a party in a writ of partition, as well in the common pleas as in the orphans' court, is settled by the act of March 29, 1832, P. L. 190, and the case of Brown's Appeal, 84 Pa. 457 ; it is, therefore, useless to cite to us decisions that were made prior to that act, and that now have no binding force."

It follows that the first three assignments of error must be sustained and the bill be dismissed. The other assignments become immaterial and need not be considered.

The decree is reversed and the bill is dismissed at the cost of the appellees.