## Gilpin, Appellant, *v.* Brown et al.

*Partition—Equity—Failure to include all land in bill—Practice—Acts of March 13, 1847, P. L. 319, and June 7, 1917, P. L. 337.*

1. In partition, whether in the common pleas or in the orphans' court, it is incumbent on the party instituting the proceedings, if practicable, to embrace the whole of the undivided realty within the jurisdiction or power of the court. There cannot be inquisitions upon it by parcels.

2. Where a person dies seized in severalty of three tracts of land, and of undivided interests in two others, it is error to file one bill for the partition of the land held in severalty, and another for that of the undivided interests.

Argued September 30, 1920. Appeals, Nos. 80 and 82, Oct. T., 1920, by plaintiff, from decrees of C. P. Armstrong Co., Dec. T., 1919, Nos. 75 and 78, dismissing bills in equity in case of Oliver W. Gilpin v. James E. Brown et al. Before BROWN, C. J., STEWART, MOSCHZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Bills in equity for partition. Before KING, P. J.

The opinion of the Supreme Court states the case.

The court entered decrees dismissing the bills. Plaintiff appealed.

*Errors assigned* were decrees, quoting them.

*C. L. Wallace* and *Kenneth Buffington,* with them *Orr Buffington,* for appellants.

*J. Frank Graff, Jr.,* with him *R. L. Ralston* and *W. L. McConegly,* for appellee.

PER CURIAM, December 31, 1920:

In neither of the two bills for partition filed in the court below was all of the real estate of the common ancestor included. He died seized in severalty of three

tracts of land, and of undivided interests in two others. One bill was for the partition of the land held in severalty, and the other for that of the undivided interests.

The Act of March 13, 1847, P. L. 319, declares "The jurisdiction of the several orphans' courts of this Commonwealth, in the partition and valuation of real estate, shall extend to any undivided interest, in fee simple, in any lands or tenements of which any person has died or shall hereafter die seized or possessed, as tenant in common or joint owner, with any other person or persons, as fully as if such decedent were solely seized or possessed thereof at the time of his or her death." This is reënacted in section 1 of the Act of June 7, 1917, P. L. 337. The jurisdiction of the common pleas being concurrent with that of the orphans' court in partition proceedings, what is necessary in the one is requisite in the other. In partition, whether in the common pleas or in the orphans' court, it is "incumbent on the party instituting the proceeding, if practicable, to embrace the whole of the undivided realty within the jurisdiction or power of the court. There cannot be inquisitions upon it by parcels": Stickles v. Oviatt, 212 Pa. 219. It was clearly practicable to include all of the real estate of the common ancestor in one bill in the court below, and it correctly so held. The two appeals were heard together, as the same question is raised in each case.

The decree dismissing each bill is affirmed, at the costs of the appellant.