## Van Kirk v. Curry et al.

*Partition—Life-tenant—Remaindermen—Merger—Parties—Jurisdiction—Acts of April 11, 1835, June 3, 1840, and April 5, 1842.*

1. A suit in partition is a possessory action, the purpose of which is to divide a joint or concurrent possession.

2. If a life-tenant has the exclusive possession of real estate, he cannot maintain partition against the remaindermen.

3. If one of the remaindermen purchases the life estate, and, by virtue of such acquisition, acquires exclusive possession, he cannot have partition against the other remaindermen.

4. The fact that his undivided interest as a remainderman may have merged with an equal interest in the life estate does not give him a right to partition.

5. There is nothing in the Act of April 11, 1835, P. L. 199, or the Supplemental Acts of June 3, 1840, P. L. 593, and April 5, 1842, P. L. 230, 234, which gives one of several remaindermen, who has acquired the entire life estate and is in exclusive possession by reason thereof, a right to maintain partition against the other remaindermen.

Demurrer to bill for partition. C. P. Washington Co., in Equity, No. 2901. Before Brownson, P. J., and Cummins, J.

*J. F. McFarland*, for plaintiff.

*B. B. Barr* (with him *Albert S. Sprowls*), for defendants.

CUMMINS, J., April 27, 1923.—Plaintiff has filed a bill, praying for the partition of a certain parcel of ground, in which bill it is averred that plaintiff has purchased a life estate; that the remainder therein had previously vested jointly in himself and the defendants named in the bill; and that the interest of the plaintiff as remainderman is an undivided 13/24th interest. To this bill a demurrer was filed denying the jurisdiction of the court.

The plaintiff being already the owner of an undivided 13/24th interest of the remainder in fee, and having purchased the entire life estate, it may very logically be contended that a merger would thereby be effected of his undivided interest in remainder with an equal interest in the life estate, so that he would now hold an undivided 13/24ths interest in fee simple and in possession, and a life estate in the residue: Clark *v.* Parsons, 69 N. H. 147, 39 Atl. Repr. 898; Clark *v.* Clark, 56 N. H. 105, 113; McLaughlin *v.* McLaughlin, 80 Md. 115, 30 Atl. Repr. 607; 4 Kent's Com., 100, 101; Gaddes *v.* Bank (R. I.), 80 Atl. Repr. 415.

Where such interests in real estate are thus vested in one person, thereby giving him exclusive possession of the whole, do our Courts of Common Pleas, sitting in equity, have jurisdiction to make partition?

The Act of Feb. 14, 1857, P. L. 39, was the first general act conferring equity jurisdiction on our Courts of Common Pleas in partition proceedings. And now, by the Act of July 7, 1885, P. L. 257, our Courts of Common Pleas on the equity side have jurisdiction in all cases of partition: Hanna *v.* Clark, 189 Pa. 321; Mercur *v.* Jackson, 3 Pa. C. C. Reps. 387; Sheridan *v.* Sheridan, 136 Pa. 14.

The purpose of all of the earlier acts by which jurisdiction in proceedings of partition was conferred upon our Courts of Common Pleas was not to enlarge the scope of the common law writ, but merely to create jurisdiction in a new forum and to regulate the procedure therein: Seiders v. Giles et al., 141 Pa. 93; Doyle v. Brundred, 189 Pa. 113.

At common law an action of partition was not only an action real (Power v. Power, 7 Watts, 205; Miller on Partition, 11), but was likewise a possessory action, "such wherein the right of possession only, and not that of property, is contested:" 2 Blackstone's Comm., 198; Ross v. Pleasants, 19 Pa. 157, 168; Holmes v. Fulton, 193 Pa. 270, 272. The purpose of the writ was to make division of the possession. Therefore, there had to be a joint holding of the possession, a concurrent holding: Law v. Patterson, 1 W. & S. 184, 193. It followed, therefore, that one who had been ousted, not being in possession, could not sue out such writ (1 Thomas's Coke, 543; Law v. Patterson, 1 W. & S. 184; Galbreath v. Galbreath, 5 Watts, 146; McMahan v. McMahan, 13 Pa. 376); nor was a remainderman entitled to partition (Deshong's Estate, 6 Del. Co. Reps. 519; Stevenson's Estate, 50 Pitts. L. J. 419; Smith's Estate, 2 Del. Co. Reps. 423; Seiders v. Giles et al., 141 Pa. 93; Holmes v. Fulton, 193 Pa. 270, 272), or one who was in sole possession, as, e. g., a life-tenant in the whole (Seiders v. Giles et al., 141 Pa. 93; Kerner's Estate, 12 Dist. R. 718), or where one, as in the case at bar, was in exclusive possession, being possessed of a part in fee and having the life estate in the residue: Hodgkinson's Petition, 12 Pickering's Rep. (Mass.) 374. The plaintiff, therefore, is not entitled to partition, and this court is without jurisdiction to decree partition, unless the scope of this remedy has been enlarged by legislation so as to include such cases.

Counsel for plaintiff claims that this result has been effected by the Act of April 11, 1835, § 1, P. L. 199, which reads as follows: "Writs of partition may be sued by parties interested in real estate, . . . notwithstanding there may be a life estate in part or parts of the property, with remainders over in fee: Provided, that all persons interested shall be made parties, and . . . that those in remainder shall have the right to take such part as shall be awarded to them, on giving sufficient security . . . for the payment of the annual interest of such part to the tenant for life, unless it shall appear to the court that such tenant for life is entitled to the exclusive possession of any part of the premises, . . . in which case the proceedings shall not interfere with the right of possession of such tenant without his consent, but may be had subject to such possession," etc.

This act, together with the Supplemental Acts of June 3, 1840, P. L. 593, and April 5, 1842, P. L. 234, was before the Supreme Court in the case of Seiders v. Giles et al., 141 Pa. 93, in which case it was held that a tenant for life in all of the real estate involved in a partition proceeding, entitled to and in exclusive possession, could not maintain a proceeding of partition against the remaindermen. In construing these acts, Endlich, J., in his opinion, which was adopted by the Supreme Court, held first, that, with reference to the parties entitled to sue, the term "interested" was not used "in its ordinary or technical sense," but merely "as nomen generalissimum, to cover all such classes of persons, in respect to their estates, as were under the existing law in a situation to become parties to a suit for partition except for the obstacle of intervening life estates (in part or parts of the property), which obstacle this statute removed" (pages 98 and 99); and, second, that the act did not destroy the basic and fundamental principle underlying all proceed-

ings in partition; that there must still be a joint or concurrent possession (pages 99, 101 and 102), and that to hold otherwise would "do violence to the essential character, design and incidents of the proceeding [itself] known as partition:" Page 102.

The case of Holmes v. Fulton, 193 Pa. 270, is distinguished from Seiders v. Giles et al., 141 Pa. 93, in that the plaintiff was a tenant for life only in a part of the property to be partitioned, and the same was true in the late case of McDonald v. McDonald, 256 Pa. 304, in which case Seiders v. Giles et al. is several times quoted.

If it be held that plaintiff's undivided interest in remainder did not merge with an equal interest of his life estate, then he would not be entitled to partition, as the Act of April 11, 1835, by its express terms, only embraces cases where there are life estates in but part or parts of the real estate sought to be partitioned, and would bring the case squarely within the ruling of Seiders v. Giles et al., 141 Pa. 93; whereas, if it be held that there was a merger, then there would be no joint holding or concurrent holding, as plaintiff's holding would then be wholly in possession, while defendants' holding would be alone in remainder; but the fact that, under the Act of April 11, 1835, there must be at least a concurrent holding is clearly recognized: Seiders v. Giles et al., 141 Pa. 93, 100, 101 and 102. Whether there was or was not a merger, for all substantial purposes, only raises a distinction without a difference, for the owner of the fee can at best only possess for his life the conveyance to him and to his heirs and assigns. The plaintiff in this case, in either event, is in exclusive possession of the whole of the land, the possession of which he seeks to have divided.

In Wolfe's Estate, 22 Pa. C. C. Reps. 340, it was decided that tenants in remainder were not, under the Act of April 11, 1835, entitled to partition during the life of a tenant by the curtesy in the entire estate, it being held in that case that the action was still a possessory action (page 340), and that it "goes no further than to confer jurisdiction where 'there may be a life estate [only] in part or parts of the property' sought to be partitioned:" Page 341. The Act of April 11, 1835, was discussed by the Supreme Court in Deshong v. Deshong, 186 Pa. 227, where the facts were quite similar to those in the present case, differing alone in that the life estate in that case included the whole of only certain parts of the land, but not all of the property involved. The life-tenant having died, however, before the case reached the Supreme Court, the questions there involved, while discussed, were not decided.

While a life-tenant in the whole of the land to be partitioned may not demand partition (Seiders v. Giles et al., 141 Pa. 93; Deshong's Estate, 6 Del. Co. Reps. 519; Deshong v. Deshong, 186 Pa. 227; Kerner's Estate, 6 Lacka. Jurist, 71), yet a life-tenant in only a part is entitled thereto (Holmes v. Fulton, 193 Pa. 270; McDonald v. McDonald, 256 Pa. 304), and this for the reason that in one case there is a joint holding of the possession, while in the other the tenant for life holds exclusive possession.

That it was not the intention of our legislature, by its enactment of April 11, 1835, to strike down the basic and fundamental principle underlying all proceedings in partition; that there must be a joint or concurrent holding of possession sought to be partitioned, is self-evident from the fact that the act itself, by its express provisions, in extending the remedy of partition to cases where otherwise partition could be had, except for the existence of a life estate, only included within its scope those cases where the life estate was in but a part or parts of the property sought to be partitioned,

Van Kirk v. Curry et al.

and where the life-tenant could at most have exclusive possession of only a part or parts of the property, so that, to fall within the scope of the act, the life-tenant could not have exclusive possession of the whole. The essential character of the action—that it was still a possessory action—was thereby clearly intended to be preserved.

From the conclusions thus reached, we are satisfied that the case at bar, neither in spirit nor in letter, falls within the scope of any of the acts of assembly (to which our attention has been called) extending the jurisdiction of our courts in proceedings of partition.

The contention of counsel for plaintiff that partition may be had, by reason of the fact that the life-tenant consents thereto, cannot be sustained, as jurisdiction can never be conferred by agreement: Wolfe's Estate, 22 Pa. C. C. Reps. 340, 341, 342; Seiders v. Giles et al., 141 Pa. 93, 104. The Act of April 11, 1835, provides for including in a partition proceeding a life estate, if the life-tenant consents thereto, where the life-tenant is in exclusive possession of only a part or parts of the premises, but makes no such provision where the life-tenant is in exclusive possession of the whole property sought to be partitioned. In the case of Hartley v. Bell et al., No. 1815 in Equity, in this county, and reported in 57 Pitts. L. J. 38, while the facts were somewhat similar, the question of jurisdiction was not raised, nor was the Act of April 11, 1835, referred to or construed by our court. The only questions considered by our court in that case were those involving distribution, which were raised by the exceptions filed to the master's report.

We have concluded, therefore, that this court does not have jurisdiction to make the partition prayed for, and it follows that the demurrer must be sustained.

And now, to wit, April 27, 1923, judgment is entered for defendants on the demurrer.                From Harry D. Hamilton, Washington, Pa.