Volkwein, Appellant, *v.* Volkwein.

Volkwein, Appellant, *v.* Bender et al.

Volkwein, Appellant, *v.* Volkwein.

Argued September 27, 1938. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Waldo P. Breeden,* for appellant.

*Elverton H. Wicks,* for appellees.

OPINION BY MR. JUSTICE LINN, December 5, 1938:

These three appeals, each from a decree dismissing a bill for partition, were argued together. The three tracts of land sought to be divided were the property of Reinhard Volkwein at the time of his death April 9, 1937. He left a will dated May 6, 1930. He devised 333 and 335 Fingold Street, Pittsburgh, to his son, Carl, appellee in Number 160. Property 336 Republic Street was devised to a son, Harry, appellee in Number 158. 347 and 345 Fingold Street were devised to two daughters, Alma and Hilda, appellees in Number 159.

The appellant is testator's widow, having married him August 25, 1930, shortly after the date of his will. She elected to take against it, thus obtaining an undivided one-third interest in fee in each of the properties devised to testator's children of a former marriage.

To each bill, an answer was filed under Rule 48 stating two preliminary objections, one not pressed and the other, in substance, that it appeared from the bill that all of the real estate left by testator was not included in a single proceeding. The learned court below dismissed the bills on the ground, stated in the opinion, "that there would be no difficulty in embracing these three proceedings in one bill." The learned court thought, as we understand it, that because the three separate tracts of land came from a single testator, they must be made the subject of a single suit in partition even though there were three sets of tenants in common, two in any case having no interest in the land of the third. Such a bill would be multifarious: compare *Bovaird v. Seyfang,* 200 Pa. 261, 49 A. 958. While it is true that all realty held in common by the same title must be brought into one proceeding for partition if practicable *(Deshong v. Deshong,* 186 Pa. 227, 40 A. 402; *Holmes v. Fulton,* 193 Pa. 270, 44 A. 426) it will be noticed that the appellant widow and the four children do not hold in common any single tract. Appellant and Carl hold 333 and 335 Fingold Street in common, and of course either has a right to partition. Appellant and Harry hold 336 Republic Street together, but Harry has no interest in the property devised to Carl. Neither Harry nor Carl has any interest in the property devised to their sisters, appellees in Number 159. The appellant and the four children were not joint holders of the same real estate; as joint holding would be requisite to make them all parties to the partition, the mere fact that testator died seized of all the land is not sufficient.

In *Holmes v. Fulton,* 193 Pa. 270, 44 A. 426, in referring to statutory changes in the common law, MITCHELL,

J., said: "These statutes show a consistent and continuing policy on the part of the legislature to enlarge the right of severance among joint holders of real estate, and to assimilate more and more closely the rights of such persons to those of partners whom a court of equity will permit to dissolve the partnership when harmonious mutual action is no longer attainable, although the stipulated time of dissolution has not yet been reached." *Swan's Estate*, 238 Pa. 430, 86 A. 275, is illustrative: a testator died leaving five surviving children and three grandchildren, issue of deceased children; part of his property vested in the five children alone, and another part in the five children and the three grandchildren. At page 439 we said: "It is conceded by all parties that necessarily there must be two proceedings to divide the property. A community of interests is requisite in all partition proceedings. Here, the homestead was owned exclusively by the five children of the testator who were living at the time of his death. The balance of his real estate, as to which he died intestate, went to the five children and the grandchildren, children of the testator's daughters who had predeceased him. It is, therefore, apparent that there must be one proceeding to partition the real estate which he devised to his five children and in which the grandchildren have no interest, and another to partition the real estate of which he died intestate among both the children and grandchildren."

The case of *Gilpin v. Brown*, 268 Pa. 398, 112 A. 124, relied on below, does not support the dismissal of the bills. In that case it appeared that a decedent owned some land in severalty and some land in common with another; it was decided that the parties to whom both classes of holdings descended as tenants in common were entitled to partition in a single proceeding; there, it will be observed, all the land went to all the takers jointly; here, only one person, the widow, is interested

in the three tracts; it is of no concern to Carl or Harry or their sisters how or whether the premises held by appellant and the others are divided; none has any interest in the partition of land held by appellant and other devisees.

In each appeal the decree is reversed, bill reinstated, record remitted for further proceedings, costs to abide the event.