Becker Estate.

Argued May 22, 1945. Before Maxey, C. J., Drew,
Linn, Stern, Patterson, Stearne and Jones, JJ.

*Russell C. Mauch,* with him *Mauch & Goodman,* for appellant.

*Isadore Rapoport,* with him *Julius M. Rapoport* and *Groman & Rapoport,* for appellees.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, June 29, 1945:

This appeal is from a decree of an orphans' court awarding an inquest in partition.

Nathan Becker died May 7, 1932, intestate, possessed of real and personal property. He was survived by a sister Rose, another sister Sarah, and a brother Harry (appellant). On August 11, 1932, Harry executed a release and assignment transferring and conveying all his interest in the real and personal estate of the intestate to his two sisters. Rose died testate on November 22, 1932. By her will she created a trust for the benefit of her husband and children and appointed her husband and a son executors and trustees, with active duties. Harry, the appellant, received the full consideration named in the release and assignment. Thereafter, appellant did not participate in any distributions of the intestate's estate.

The executors and trustees under the will of Rose petitioned the orphans' court for partition of all the undivided real estate of the intestate, held in common by petitioners and the sister Sarah. While the appellant, under the terms of his release, had divested himself of all interest in the estate, he was joined as a respondent. An answer and supplemental answer were filed by appellant. He challenged the jurisdiction of the orphans' court; averred that his release and assignment did not

include the real estate, but related solely to the personal property; that he executed the release and assignment through fraud, accident and mistake. Upon preliminary and final hearing, in two well-considered opinions by President Judge GEARHART, the petition was granted and an inquest in partition awarded. This appeal followed.

As all of the real estate devolved upon the brother and sisters because of the intestacy of their brother, the orphans' court possessed concurrent jurisdiction with the court of common pleas under the terms of the Orphans' Court Partition Act of 1917, P. L. 337, section 1, as amended by the Act of June 24, 1939, P. L. 707, 20 PS section 1181. All the remaining real estate, undivided and held in common, was included in this proceeding: *Stickles v. Oviatt,* 212 Pa. 219, 61 A. 908; *Gilpin v. Brown,* 268 Pa. 398, 112 A. 124. Upon a petition for an inquest in partition the court may determine the parties and define their interests before the inquest is granted: *Donohoe's Estate,* 5 D. & C. 165, affirmed in 282 Pa. 254, 127 A. 625; see also: *Kates' Estate,* 148 Pa. 471, 24 A. 77; *McMahon's Estate,* 211 Pa. 292, 60 A. 787.

There is no merit in appellant's contention that petitioners, executors and trustees of the heir Rose, should not be parties to these proceedings. Rose survived her brother and, as heir, became an owner of one-third of his real estate and one-sixth by the terms of the release and assignment of her brother, the appellant. Her will effectively transferred all her estate to her executors and trustees. An alienee of an heir may become a petitioner in partition: *Sanders's Estate,* 41 Pa. Superior Ct. 77. It therefore follows that petitioners are proper parties in this action. Nor does the fact that a one-third interest was assigned by appellant, an heir, to the other heirs, deprive the orphans' court of its jurisdiction. An alienee of an heir is a proper party to partition proceedings: *Thompson v. Stitt,* 56 Pa. 156. An heir who has aliened is no longer a necessary party: *Kenyon v. Davis,* 219 Pa. 585, 69 A. 62.

Appellant further maintains that a consruction of his release and assignment does not reveal that the *real estate* was included in its terms and also that the document was procured by fraud. He contends that such averments raise a substantial dispute of title, requiring the submission of an issue to a jury in the common pleas court. In answer the learned hearing judge correctly said: "The respondent's position is that the orphans' court jurisdiction is ousted because of the answer filed, which on its face shows a dispute. However, in proceeding in the orphans' court for partition of real estate, a mere assertion of title by a claimant does not ipso facto divest the orphans' court of jurisdiction. Thus it has been held that the court may take testimony to determine whether questions raised by the petition and answer warrant the submission of the case to a jury. If they do not, the court may proceed with partition. (Welch Appeal, 126 Pa. 297, 302, 303; McMahon's Est., 211 Pa. 292, 296; Est. of Wm. McCorkle, Deceased, 184 Pa. 626, 628; Sanders's Est., 41 Pa. Superior Ct. 77; Donohoe's Est., 5 D. & C. 165, affirmed 282 Pa. 254; Flannery's Est., 315 Pa. 576).

"In Sanders's Estate in a partition proceeding arising in the orphans' court, President Judge Rice of the Superior Court writing the opinion of the court stated, 'Upon the same principle it was the province and duty of the court in the present case to go beyond the denial of the petitioner's title and possession set up in their answer, and, if these were refuted by the undisputed facts, to award the inquest.' " See also: *Lloyd's Estate*, 281 Pa. 379, 384, et seq., 126 A. 806.

The release clearly includes the real estate. Upon its face appear the words defining the quantum of the interest released and assigned, viz.: *"all my right, title and interest, real, personal and mixed, to any and all claims,* demands and property of whatsoever kind, past, present or future, which I may have in the said Nathan Becker Estate . . ."* (italics supplied).

As to appellant's evidence concerning fraud, we agree with the learned court below that "We cannot discover a scintilla of fraud". The real estate was heavily encumbered and the value of the personal assets most uncertain. Possibility of favorable realization was also affected by the then existing financial depression. Full disclosure of all matters was made to appellant and his counsel. The true situation of the estate was fully explained in English, Pennsylvania Dutch and Yiddish. Appellant elected to take $7000 in cash rather than wait for a liquidation of debts and distribution of the assets. Appellant's witnesses (one of whom had acted as his lawyer in the release transaction) gave no testimony which would indicate fraud, but upon the contrary established the fairness of the bargain. As the dispute was merely *pleaded,* and not supported by any evidence, the lower court was correct when it decided that no dispute existed and properly awarded the inquest.

We observe an aspect of this proceeding which apparently has not been given consideration. Appellant testified that he was married. The hearing judge found that appellant and his wife live apart. Nothing appears in the record to reveal that the wife has since died or the parties have been divorced. The wife was not joined in the release and assignment. Under section 3 of the Intestate Act of 1917, P. L. 429, 20 PS section 31, a widow is given a share in lands aliened by a husband without her joinder. See also: *Lienaweaver v. Stoever,* 1 W. & S. 160; *Shupe v. Rainey,* 255 Pa. 432, 100 A. 138; *Merrick v. Du Pont,* 285 Pa. 368, 132 A. 181; *Bridgeford v. Groh,* 306 Pa. 566, 160 A. 451. In partition proceedings, including amicable partition, a spouse of an interested party need not be joined: Act of April 24, 1929, P. L. 646, section 1, 20 PS section 1202; Orphans' Court Partition Act, supra, section 23 (a), as amended May 13, 1931, P. L. 120, 20 PS section 1321. In this case, however, appellant sold and conveyed his interest to his sisters for a valuable consideration without his wife's joinder. This

transaction cannot be regarded as a *partitioning* of the real estate between co-owners under the acts above cited. Such statutes manifestly relate to a spouse of a person who is a co-owner of real estate which is being partitioned. Since appellant transferred his own interest without his wife's joinder, her share remains undivested. Before an inquest in partition is awarded, appellant's spouse must be made a party to the proceedings and her interest protected.

As thus modified, the decree is affirmed at appellant's cost.