## In re Brinton Partition

*Errol Fullerton*, for petitioner.

*Alvah M. Shumaker* and *Caldwell & McFate*, for respondents.

BRAHAM, P. J., May 16, 1955.—This is a petition for partition of real estate pursuant to the Orphans' Court Partition Act of June 7, 1917, P. L. 337, as amended, 20 PS §1181 et seq. Two points require decision: First, whether all of the real estate of decedent

has been included in the proceeding; second, whether two of the defendants, Margaret B. Marshall and Lida M. McCandless, now Lida M. Norton, are properly added as defendants.

Anna C. Brinton died March 17, 1927. By her will she devised her residual estate to her sons and daughters, John P. Brinton, William H. Brinton and Martha R. Erwin. On July 12, 1927, these three children entered into an agreement with their sisters, Margaret B. Marshall and Lida M. Norton, whereby they were given the qualified interest in the estate which will be discussed later.

There have been some changes in the ownership of the three shares in the residual estate. On May 31, 1942, John T. Brinton died and by his will devised his share in the estate to his three sons, Harry Brinton, Robert Brinton, and John Brinton, plaintiff, also known as John P. Brinton. On March 22nd William H. Brinton died and devised his share in the estate to Robert O. Erwin, son of Martha B. Erwin.

The real estate which is admitted by all to have belonged to Anna C. Brinton in her lifetime is described in the petition. It consists of three parcels on East Washington Street, Brinton Avenue, and Ray Street in New Castle, Pa., upon which are erected nine dwelling houses which have been rented by Martha B. Erwin as administratrix d. b. n. c. t. a. The parcel about which there is dispute is located partly in Perry Township, Lawrence County, Pa., and partly in Beaver County, Pa. Defendants, Martha B. Erwin, Harry Brinton and Robert Brinton claim that this property belongs to the estate. Plaintiff John P. Brinton claims the property as his own. The facts are that this parcel was part of a farm of about 40 acres which did belong to Anna C. Brinton's estate. The farm was conveyed by all of the heirs to W. H. Bates et ux. Bates and wife conveyed the five-acre tract back to all the owners

of the residual estate of Anna C. Brinton. John P. Brinton contends that he was to be given the five-acre tract in compensation for the advances of money made by him to pay taxes on the five-acre tract and for his services in selling the same. These advances and services, says plaintiff, saved the tract for all the heirs, in recognition of which all except Robert Brinton's wife agreed to a conveyance of the land to him. However, all not agreeing title was placed in all of the heirs.

In this State conveyance of lands is by deed: Act of March 21, 1772, 1 Sm. L. 389, par. 1, 33 PS §1. If the other heirs of Anna C. Brinton, whether for gratitude or other cause, wish to remit to plaintiff their interest in the tract they must do so by deed.

The general rule is that all the real estate passing to tenants in common by virtue of the intestate laws or by virtue of a will must be included in a partition. An heir or devisee who desires partition may not have it piecemeal: Stickles v. Oviatt, 212 Pa. 219; Holmes v. Fulton, 193 Pa. 270; Deshong v. Deshong, 186 Pa. 227. There was a time in the history of our law when the circumstance that the three parcels in New Castle are held as devisees of Anna C. Brinton and the parcel in Perry Township is held as grantees of Bates would have been fatal; but now the tendency of the courts is to treat the matter according to equitable principles and partition all in which they have an interest: Volkwein v. Volkwein, 332 Pa. 120. In the case at bar plaintiff on the stand specifically agreed that the five-acre tract might be added to the partition.

The second question is of greater difficulty: Are Margaret B. Marshall and Lida M. Norton entitled to be parties to this action under the agreement of July 12, 1927? A copy of the agreement is attached to the answer filed by Martha E. Erwin et al. Its provisions must now be summarized. It begins by reciting

the devise byAnna C. Brinton of her residual estate to John P. Brinton, William H. Brinton and Martha R. Erwin and the desire of those persons to accord to Margaret B. Marshall and Lida M. Norton a larger share than they had received under the will ($5 each). Then the agreement provides that Mrs. Marshall and Mrs. North should receive each a one-sixth share of the proceeds from the sale of the real estate belonging to the estate which may be sold during the lifetime of the two sisters "upon the following terms and conditions, viz." Paragraph A is so important that it is quoted in full:

"A. The parties of the second part shall each receive . . . a one-sixth of the proceeds from the sale of real estate now belonging to the estate of Anna C. Brinton which may be sold during the lifetime of the parties of the second part after deducting all taxes, municipal assessments, insurance, and costs and expenses of making sale or sales of said real estate."

Then follows a paragraph extending the benefits of the contract to a child or children of Mrs. Marshall and of Mrs. Norton, the share of each to cease upon the death of the last child of that parent. No assignment of any interest of either is permitted. Any attempt to contest the will forfeits the benefits granted by the contract.

Paragraphs C and D are rather unique and must be quoted:

"C. The moneys hereby agreed to be paid shall not be a charge nor encumbrance upon the real estate, and the parties of the first part, shall have the absolute right to convey, mortgage, or otherwise encumber the real estate, as fully and completely as if this agreement had never been made, and the purchaser or purchasers of the said real estate or any part thereof, shall not be required to attend to the distribution of

the proceeds of any sale or sales of real estate, but shall pay the same to the parties of the first part or their heirs.

"D. The fee simple title to all real estate of which the said Anna C. Brinton died seized, shall be and remain in the first parties hereto, with every interest of said estate, including the collection and distribution of rents, issues and profits thereof, and the receipt and distribution of any sale thereof".

This language does not give Mrs. Marshall and Mrs. Norton a share of the property in fee or in any other degree. The covenants in their favor are purely personal. Nor does the evidence regarding the conduct between the parties establish anything other than those holding title under the three devisees of Anna C. Brinton have honored the contract made by the three. One sixth of net rents and the net proceeds of sale have been paid to Mrs. Marshall and Mrs. Norton. But this is only what was agreed upon and does not increase the rights of the two.

In more technical language the covenants of the promisors in the agreement of May 12, 1927, do not run with the land. Covenants in deeds "so closely connected with the realty that their benefits or burdens pass with it to subsequent purchasers are real covenants. On the other hand those intended to bind the covenantor only and not to become a charge on the realty are personal covenants": DeSanno v. Earle, 273 Pa. 265, 270.

The intent of the parties is the controlling factor, as the intent is found to be in the light of all the circumstances: McCloskey v. Kirk, 243 Pa. 319, 324; Finley v. Glenn et ux., 303 Pa. 131, 137; Landell et al. v. Hamilton et al., 175 Pa. 327.

The language used by the parties in this case indicates that the three children who were fortunate

enough to be devisees of the residual estate of Anna C. Brinton intended to do something to equalize the shares of the two sisters who were less fortunate. But they were very emphatic that they intended to retain the fee in themselves, create no lien or incumbrance in favor of the two sisters, and to free a purchaser of the lands from any duty to investigate or to see the application of the purchase price. Mrs. Marshall and Mrs. Norton have the right to sue for an accounting for rents and the proceeds of sales, no more.

Interesting questions remain. If partition is awarded is that a sale within the meaning of the contract? If the real estate is divided among the tenants in common no sale takes place. Partition is not an acquisition or purchase of land, nor is it in any proper sense a transfer of title to land. It is a mere setting apart in severalty of the same interest theretofore held in common: Mellon et al. v. Reed et al., 114 Pa. 647. Whether, in case sale of the lands is necessary to effect partition, this constitutes a sale within the meaning of the contract or whether a sale by one of the owners after he has received his share in severalty are questions not now properly before the court and they are not decided.

Another difficult point is the nature of the contract. It would seem to be joint rather than several or joint and several. This follows from the principle that where several persons make an enforcible promise without showing a different intention the presumption is that the engagement is joint: Morrison v. American Surety Co. of N. Y., 224 Pa. 41; Mintz v. Tri-County Natural Gas Co., 259 Pa. 477; Yadusky et al. v. Shugars et al., 301 Pa. 99; Baldwin v. Ely, 127 Pa. Superior Ct. 110; 1 A. L. I. Restatement of the Law of Contracts §112. This point may be of importance in case partition is actually had and recourse is sought by the three sisters for a share believed to be due them.

Finally, careful attention has been given to the line of cases in which it has been found that tenants in common were bound by some engagement, either a part of the conveyance or a collateral agreement, which prevents them from having partition. Marchand v. Marsh et al., 280 Pa. 292, is a case where the conveyance was for the purpose of establishing a college. In Etters v. Musser, 241 Pa. 237, an agreement to support a parent was the deterrent to partition. In Love v. Robinson, 219 Pa. 469, it was the rules of a cemetery. See also Latshaw's Appeal, 122 Pa. 142; Coleman v. Coleman, 19 Pa. 100; Roberts v. Wallace, 100 Minn. 359, 111 N. W. 289; Friesner et al. v. Friesner et al., 193 Ia. 576, 187 N. W. 437. Nothing in the agreement in the case at bar prevents partition.

One point remains. Should Mrs. Marshall and Mrs. Norton be allowed to remain as parties. The petition prays only for partition. The demand for an accounting comes in the answer of Mrs. Marshall and Mrs. Norton. Nevertheless considerable evidence on matters of accounting was taken without objection. It seems appropriate to allow them to remain parties. When we come to the question of division it may be possible to treat them as intervenors: Etnier et al. v. Pascoe, 275 Pa. 308, is a partition case in which one not properly a party was nevertheless allowed to be heard as one.

The most difficult decisions in this case are questions of policy to be decided by the parties. At the present time we decide only that plaintiff is entitled to partition and that only those who represent the three devisees of Anna C. Brinton are entitled to share.

Entertaining these views we make the following

*Order*

Now, May 16, 1955, it is ordered, adjudged and decreed that partition of the lands of Anna C. Brinton, deceased, as described in the petition be made, provided

that plaintiff, within 10 days amend the petition by adding thereto as part of the property devised by Anna C. Brinton, the five-acre tract partly in Perry Township, Lawrence County, and partly in Beaver County and giving a description thereof mentioned in the evidence.

It is also decreed that the interest of the owners of the real estate devised by Anna C. Brinton in the residuary clause of her will is as follows: Martha R. Erwin, 1/3; John P. Brinton, 1/9; Harry Brinton, 1/9; Robert Brinton, 1/9, and Robert O. Erwin, 1/3.

It is further ordered that Margaret B. Marshall and Lida M. Norton be retained as parties respondents at this time.