## Hughes' Estate

Before Van Dusen, Stearne, Sinkler, Klein, and Bok, JJ.

*John J. Mitchell, Jr.,* for petitioner.

STEARNE, J., February 26, 1937.—The petition is for a citation for an inquest in partition. One of the three interested parties has filed an answer denying the right to partition upon two grounds: (1) Because an individual, whom respondent asserts is a party in interest, has not been joined in the proceeding; and (2) that only one of the premises should be sold to satisfy petitioner's interest and that it would be "impractical and inequitable" to partition both.

Thomas Van Horn is named as the omitted party. The record discloses that decedent devised the real estate herein to his daughter Catharine for life, with remainder to her three children, Mary, Martin and Helen. Helen intermarried with said Thomas Van Horn, and died during her mother Catherine's lifetime, i. e., during the pendency of the life estate.

Respondent avers that the daughter Helen possessed a vested interest in fee, subject to her mother's life estate, and that therefore, upon the termination of the life estate, Helen having died intestate, Thomas Van Horn, her surviving spouse, possessed an interest under the intestate law. Petitioner denies that the surviving husband possesses an interest, upon the theory that a husband cannot be tenant by the curtesy for his wife's estate in reversion or remainder expectant on an estate in freehold unless the particular estate be ended during the coverture. Counsel cites, inter alia, the leading case of Hitner v. Ege, 23 Pa. 305, as supporting such theory. Counsel overlooks, however, that section 4 of the Intestate Act of June 7,

1917, P. L. 429, wholly destroys a husband's estate as tenant by the curtesy and substitutes therefor the defined shares in section 1 (*a*) and (*b*) et seq.: Scaife v. McKee et al., 298 Pa. 33. Section 4 of the act in terms provides for the present situation:

"Section 4. The shares of the estate directed by this act to be allotted to the surviving husband shall be in lieu and full satisfaction of his curtesy at common law. The surviving husband shall be entitled to the same share in an estate in remainder, vested in interest in the wife during her lifetime, as in property of which she dies seised, although the particular estate shall not terminate before the death of the wife."

See note of commissioners, page 26, referring specifically to Hitner v. Ege, supra, the effect of which was repealed by the act.

As Helen Van Horn died on March 28, 1919, subsequent to the Intestate Act of 1917, that statute governs.

We are therefore of opinion that Thomas Van Horn, surviving spouse of Helen Van Horn, is a party in interest, and must be made a party in these proceedings and be served with appropriate process before an inquest in partition may be issued.

As to the second objection: The petition sets forth a description of all the real estate of which decedent died seized, in compliance with rule 14 (*a*) of the orphans' court. All real estate not affected by this proceeding is described by street and number. This real estate was specifically devised. In the real estate subject to this proceeding it is designated by street and number and is also accurately described by metes and bounds. This, in our opinion, is in compliance with the above rule of court.

The real estate sought to be partitioned comprises two pieces of land with improvements thereon, which is all the real estate of decedent in which the three parties possess an undivided interest. There can be no inquisition in parcels, and the proceedings must embrace the whole of the undivided realty: Stickles v. Oviatt, 212 Pa. 219; Gilpin v. Brown et al., 268 Pa. 398.

Leave is granted petitioner to present a petition for an alias citation directed to Thomas Van Horn, surviving spouse of Helen Van Horn, deceased, to show cause why an inquisition in partition should not be granted. All other objections in the answer are dismissed.