## Gerlach's Estate

*George L. Eynon* and *Charles L. Wilmot,* for accountant.

*Edmund W. Arthur, H. C. A. Hofacker,* and *Frank W. Ittel,* for exceptants.

TRIMBLE, P. J., January 30, 1940.—The question for solution is whether a husband's legacy under his wife's will, taken in lieu of a share given him by statute, abates proportionately with legacies payable to others.

Before the right of dower was abolished, an election by a widow to take under her husband's will gave her a purchaser's rights which resulted in a preference over other legatees, even a destitute child, the legacy having been a substitute for the dower: Reed v. Reed, 9 Watts 263. The Wills Act of June 7, 1917, P. L. 403, sec. 23($a$), gives a right of election to every spouse to take against testamentary disposals for him or her and substitutes for devises or legacies "such interests in the real and personal estate of the deceased spouse as he or she would have been entitled to had the testator died intestate". In Greaves'

Estate, 29 Dist. R. 577, 581 (decedent died December 3, 1918), it was held that an election to take under the will did not make the spouse a volunteer, Judge Gest saying that the widow ". . . stands as a purchaser for a valuable consideration, having given up her right to take against his will that which the law would give her, irrespective of the will . . .". It appears from these two cases that the widow, whether entitled to dower or a share by electing to take under the will of her husband, takes as a purchaser without abatement with other legatees who take as volunteers. Neither counsel nor the auditing judge can find any reported case in the upper or lower courts of Pennsylvania which gives or denies the husband the same right as the widow.

Since the widow has gained the right to take as a purchaser by electing to take under a will after the passage of the Act of 1917, as ruled in Greaves' Estate, supra, is there any reason why the husband should not have the same right? We think not. The argument against the claim here for the deceased husband's estate is that equal rights of distribution have not been given to the spouses by the law of Pennsylvania, where the widow has been preferred in some particulars both by statute and adjudications. A distinction between the rights of spouses, making one a purchaser and one a volunteer, leads to glaring inequalities in distribution. A wife could have 100 percent of her legacy and the other legatees nothing, whereas a husband's legacy would abate equally with all other legatees of the same class. A little reflection reveals the absurdities in the results. Equality of distribution between spouses is the requirement of the Intestate Act of 1917 and should be the pattern for judicial decrees.

The conclusion last stated is warranted by a consideration of sections 1, 3, and 4 of the Intestate Act and section 23 (a) of the Wills Act, which show the legislative intent. The rights given to each spouse are equal, with the exception of an exemption given to the widow and

children. The commissioners who revised the intestate law said in their notes with respect to sections 3 and 4 of the Intestate Act, which substituted equal shares for the widow and husband for the dower and curtesy of common law (Report of the Commission Appointed to Codify and Revise the Law of Decedents' Estates (1917), p. 26) :

Section 3.

"Note.—This is Section 15 of the Act of April 8, 1833, P. L. 315, 2 Purd. 2002, altered so as to make the widow's share in lands aliened by the husband without her joinder the same as her share in lands of which he dies seised. The last sentence is added to correspond with the last sentence of Section 4 of this act.

"Section 15 of the Act of 1833, was derived from Section 13 of the Act of April 19, 1794, 3 Sm. L. 143."

Section 4.

"Note.—This is a new section introduced in accordance with the plan to make the rights of the husband and wife the same. The last sentence is added to make the husband's rights the same as those of the wife in estates in remainder, the existing law making a distinction in this respect. See Hitner vs. Ege, 23 Pa. 305."

These extrinsic interpretations by the commissioners of the statutes proposed by them and enacted by the legislature are said by the Supreme Court in Tarlo's Estate, 315 Pa. 321, 325, to be "entitled to even greater weight than the report of a committee [of the legislature] ; especially is this so where the legislature enacts the exact language of the commission's draft." See also National Transit Co. et al. v. Boardman, Secretary of Revenue, 328 Pa. 450, 455, for the consideration in that case with reference to Tarlo's Estate, supra, Miles' Estate, 272 Pa. 329, 339, and Rea et al. v. Board of Aldermen, etc., 217 Mass. 427, 105 N. E. 618; also Commonwealth v. West Philadelphia Fidelio Mannerchor, 115 Pa. Superior Ct. 241, 246.

The purport of the Intestate and Wills Acts is to give the husband and wife equal rights. If unequal rights

may have the authority of decisions, a decree which would place the husband on an equality with the other legatees who are volunteers would have no analogy from Reed v. Reed, supra, but would be a precedent for a variation from it. That the husband and wife ought to be placed on an equality as purchasers when electing to take under the other's will is supported by Farnum, Exec., v. Bascom et al., 122 Mass. 282, and the rule of Reed v. Reed, supra, will not be unreasonably and conspicuously varied.

A decree to conform to the foregoing conclusion will be entered.